555 P.2d 901

**Charles VIGIL, Petitioner,**

**v.**

**STATE of New Mexico, Respondent.**

**No. 11097.**

Supreme Court of New Mexico.

Oct. 28, 1976.

Brian M. Gross, Albuquerque, Jan A. Hartke, Chief Public Defender, Santa Fe, for petitioner.

Toney Anaya, Atty. Gen., Anthony Tupler, Asst. Atty. Gen., Santa Fe, for respondent.

## OPINION

EASLEY, Justice.

Vigil was convicted of aggravated battery in the District Court of Bernalillo County. Notice of appeal and the docketing statement were timely filed. Trial counsel, however, violated N.M.R.Crim. App. 205(a)[1] by misfiling the original docketing statement in the district court and an unsigned copy in the Court of Appeals. A proof of service was not filed with the docketing statement as required by N.M.R.Crim.App. 301(c).[2]

The Court of Appeals proposed summary dismissal for failure to comply with the two rules. Counsel for defendant filed an affidavit alleging that actual service of the docketing statement had been made on the district attorney on the same date that the original of the docketing statement was filed in the district court. Proof of service of the docketing statement was filed with the Clerk of the Court of Appeals nine days after the docketing statement was submitted to the Clerk. The Court of Appeals summarily dismissed the appeal. We granted certiorari and reverse the Court of Appeals.

1. Section 41–23A–205(a), N.M.S.A.1953 (Supp.1975).

2. Section 41–23A–301(c), N.M.S.A.1953 (Supp.1975).

N.M.R.Crim.App. 102 [3] provides:

For failure to comply with these rules or any order of court, the appellate court may, on motion or on its own initiative, take such action as it deems appropriate, including but not limited to citation of counsel or a party for contempt, refusal to consider the offending party's contentions, assessment of costs or, *in extreme cases, dismissal or affirmance* (emphasis added).

Rule 301(c) provides that written proof of service shall be filed along with the other required papers. However, it also provides:

Papers tendered for filing without accompanying proof of service shall, if proper proof of service is promptly filed thereafter, be deemed filed on the date tendered.

It appears from the record that the district court, the Court of Appeals, the district attorney's office and the attorney general's office timely received at least a carbon copy of the docketing statement, leaving us to consider a purely technical violation of the rules.

Vigil was convicted of the serious crime of aggravated battery and was sentenced from six to ten years in the penitentiary with all but one year suspended. He sought a review of the conviction. Through no fault of his own, but due to technical violations of procedural rules by his attorney, Vigil's efforts to perfect his appeal have up to this time come to naught.

We can see no prejudice to the State in permitting the appeal. On the other hand, assuming that Vigil has a justiciable appeal, the consequences may be extremely serious if his appeal is dismissed simply because a carbon copy instead of the original was filed in the Court of Appeals, and, although the district attorney was properly served, the proof of that service was filed nine days late. The pos-

sible dire results to an innocent defendant should be weighed against the extent to which the State has been prejudiced.

Furthermore, in *Jaritas Live Stock Co. v. Spriggs,* 42 N.M. 14, 16, 74 P.2d 722, 722–23 (1937) we stated:

It is the policy of this court to construe its rules liberally to the end that causes on appeal may be determined on the merits, where it can be done without impeding or confusing administration or perpetuating injustice.

See also *Montgomery v. Cook,* 76 N.M. 199, 208, 413 P.2d 477, 484 (1966). This policy applies directly to the case before us.

Therefore, while we decline to define the parameters of what constitutes an "extreme" case under N.M.R. Crim.App. 102, we nevertheless hold that the violations in this case are not so "extreme" that they merit dismissal of the appeal. *Cf. Baker v. Baker,* 83 N.M. 290, 491 P.2d 507 (1971); *State v. Reyes,* 79 N.M. 632, 447 P.2d 512 (1968); *Carroll v. Bunt,* 50 N.M. 127, 172 P.2d 116 (1946).

We do not believe that the breach of the rules should go unnoticed. Defense counsel, insofar as his client was concerned, made serious mistakes which could subject him to dismissal of an appeal however meritorious it might be. However, N.M.R. Crim.App. 102 sets forth useful alternatives to dismissal of the appeal, including citation of counsel for contempt or assessment of costs against counsel.

We do not pass upon the merits of the defendant's appeal since they are not before us. This cause is remanded to the Court of Appeals with instructions to reinstate the appeal on the docket and proceed accordingly and to consider the imposition of appropriate sanctions as provided by N.M.R. Crim.App. 102.

IT IS SO ORDERED.

OMAN, C. J., and McMANUS, MONTOYA and SOSA, JJ., concur.

---

3. Section 41–23A–102, N.M.S.A.1953 (Supp.1975).