563 P.2d 96

**Harry LINAM, Petitioner,**

v.

**STATE of New Mexico, Respondent.**

**No. 11343.**

Supreme Court of New Mexico.

April 25, 1977.

Jan A. Hartke, Chief Public Defender, Reginald J. Storment, Appellate Defender, William H. Lazar, Asst. Appellate Defender, Santa Fe, for petitioner.

Toney Anaya, Atty. Gen., Santa Fe, for respondent.

OPINION

SOSA, Justice.

Defendant Harry Linam was indicted and convicted by a jury of two counts of forgery. He appealed. The Court of Appeals dismissed for failure to comply with N.M.R. Crim.App. 209(e) [§ 41–23A–209(e), N.M. S.A. 1953 (Supp.1975)]. We granted certiorari.

After judgment and sentencing, defendant filed his notice of appeal on September 10, 1976. Defendant filed a docketing statement on September 20, designating two issues on appeal. On September 24 the Court of Appeals assigned the case to summary calendar and proposed summary re-

versal. The State filed a memorandum in opposition to the proposed summary reversal on October 8, whereupon the case was reassigned to the limited calendar on October 15. The brief-in-chief was due on November 8. Defendant moved for and was granted an extension of time in which to file the brief-in-chief until November 19.

On November 10 defendant's counsel informed the Court of Appeals that the tapes on file were incomplete and that a typed transcript of certain parts of the pretrial proceedings would have to be ordered. The Court of Appeals reassigned the case to the limited calendar and tolled the briefing time pending receipt of the typed transcript. After receipt of the limited calendar designation, the trial attorney filed a designation of the necessary parts of the proceedings in the district court on November 24 pursuant to Rule 209(a). However, the designation erroneously named a judge who had not heard the case, so that the judge's court reporter was unable to and did not prepare the transcript. Pursuant to Rule 209(c) counsel had thirty days to file the transcript, or until December 23. In early January, 1977, appellate counsel contacted the judge's court reporter, discovered the error, and contacted the trial attorney. The trial attorney in turn contacted the proper court reporter. The transcript was then prepared and filed in the district court on February 23. Neither attorney filed for an extension of time for the transmission of the transcript, pursuant to Rule 209(e), supra.

On February 24 the defendant's counsel filed a motion in the Court of Appeals to allow the late filing of the transcript. The motion was set for hearing March 3. At the hearing that motion to allow the late filing was denied. At the same time the Court of Appeals dismissed the appeal for failure to comply with Rule 209(e).

In his petition for certiorari, defendant argues that (1) other, lesser sanctions as opposed to the extreme of dismissing the appeal would be more appropriate here, citing *Vigil v. State*, 89 N.M. 601, 555 P.2d 901 (1976), and (2) the Court of Appeals violated N.M.R.Crim.App. 404(a) [§ 41–23A–404(a), N.M.S.A. 1953 (Supp.1975)] by failing to give notice of dismissal to the defendant, and (3) the New Mexico Constitution guarantees each defendant one appeal as a matter of right. N.M.Const. art. 6, § 2. As the first issue is dispositive of this appeal, we do not reach the others. We agree with defendant that dismissal of this appeal is too extreme in this case. Cf. N.M.R.Crim. App. 102 [§ 41–23A–102, N.M.S.A. 1953 (Supp.1975)]. First, as in *Vigil v. State*, supra, the technical violations of procedural rules were perpetrated by the defendant's attorney, not the defendant. The dismissal only affects the defendant. Second, we can see no prejudice to the State in permitting this appeal, especially since the State itself moved to have the case taken from the summary reversal calendar. The probable incarceration of the defendant without an appellate court having considered the issues raised on appeal outweighs any prejudice to the State. However, as in *Vigil v. State*, supra, we do not believe that this breach of the rules should go unnoticed.

This cause is remanded to the Court of Appeals with instructions to reinstate the appeal on the docket and to consider the imposition of appropriate sanctions.

McMANUS, C. J., and EASLEY and PAYNE, JJ., concur.