566 P.2d 115

STATE of New Mexico,
Plaintiff-Appellee,

v.

Michael BRIONEZ, Defendant-Appellant.

In the Matter of Anthony E.
LUCERO, Jr.

No. 3048.

Court of Appeals of New Mexico.

June 9, 1977.

Anthony E. Lucero, Jr., Albuquerque, for defendant-appellant.

Toney Anaya, Atty. Gen., Santa Fe, for plaintiff-appellee.

## ORDER

WOOD, Chief Judge.

We discuss: (1) extension of time for filing docketing statement; (2) filing of docketing statement; and (3) disposition of the contempt citation.

On June 1, 1977 this Court directed Attorney Lucero to show cause why he should not be held in contempt of court for failure to perfect the appeal in accordance with the Criminal Appellate Rules.

At the time the show cause order was entered, and up to the hearing held June 8, 1977, the appellant had filed *no documents* with the Court of Appeals. This Court had reviewed the district court file prior to issuance of the show cause order. This file revealed that the notice of appeal was filed on May 3, 1977; that a motion for extension of time to file the docketing statement was filed in the district court on May 13, 1977; that the district court granted this motion on May 13th and extended the time for filing the docketing statement until May 23, 1977; and that a copy of a docketing statement was filed in the district court on May 24, 1977.

At the hearing, Lucero's position was:

1. The Criminal Appellate Rules do not state who may extend the time for filing a docketing statement.

2. He had through May 26, 1977 to file a docketing statement in light of the extension granted by the district court and N.M. Crim.App. 302(b).

3. He mailed a docketing statement to this Court on May 23, 1977 together with the docketing fee. See N.M.Crim.App. 205(c).

The contention that a docketing statement was mailed to this Court on May 23, 1977 is supported by a copy of a letter of transmittal dated May 23, 1977. This copy was presented to this Court at the time of the hearing. The contention is also supported by a certificate of mailing which appears on the docketing statement in the district court. This showing is uncontradicted.

*Extension of Time for Filing Docketing Statement*

Under the appellate rules applicable to criminal cases prior to the adoption of the Criminal Appellate Rules, the appellate courts took little part in the perfection of the appeal. Consistent therewith, after notice of appeal was filed, the district court retained jurisdiction for purposes of perfecting the appeal. *State v. White,* 71 N.M. 342, 378 P.2d 379 (1962); see *State v. Clemons,* 83 N.M. 674, 496 P.2d 167 (Ct.App. 1972); *State v. Maples,* 82 N.M. 36, 474 P.2d 718 (Ct.App.1970).

The Criminal Appellate Rules, adopted by the Supreme Court in 1975, specify what the district court and the appellate court are to do in perfecting the appeal.

The notice of appeal is filed in the district court and the district court is authorized to extend the time for filing the notice of appeal. N.M.Crim.App. 201 and 202. An application for an interlocutory appeal, by permission, is filed in the appellate court. N.M.Crim.App. 203. Docketing statements are filed in the appellate court which utilizes this statement in assigning the case to a calendar. N.M.Crim.App. 205 and 207. The conference for designating the transcript of proceedings is conducted by the district court; that court resolves objections to the transcript and is authorized to grant one extension of time for transmitting the transcript to the appellate court. N.M. Crim.App. 209. Motions for a supplemental docketing statement or a supplementary transcript of proceedings are to be filed in the appellate court. N.M.Crim.App. 209(g). If the docketing statement has not been filed, the district court may dismiss the appeal on motion of appellant. N.M.Crim. App. 405.

■ With few exceptions, see N.M.Crim. App. 404(b), the rules are silent as to where a motion should be filed when the motion involves a stage in the appellate process involving action by the appellate court. Thus, the rules do not specifically state that a motion to extend the time for filing a brief, to extend the length of a brief, or for summary disposition should be filed in the appellate court. Similarly the rules do not specifically state that a motion for extension of time to file the docketing statement is to be filed in the appellate court. The import of N.M.Crim.App. 402, however, is that motions involving appellate court responsibility in perfecting the appeal are to be filed in the appellate court. The purpose of the Criminal Appellate Rules is to place the responsibility for appellate delays with the appellate court.

Consistent with the purpose of the rules and the responsibility of the appellate court in the calendaring process, we hold that the district court had no authority to extend the time for filing the docketing statement. The extension in this case was unauthorized.

*Filing of Documents*

■ N.M.Crim.App. 205 states that the docketing statement is to be filed in the appellate court within 10 days after the notice of appeal is filed. Lucero contends that N.M.Crim.App. 302(b) extends the 10-day period by 3 days and that a docketing statement due to be filed in the appellate

court by May 23, 1977 would be timely if it reaches the appellate court by May 26, 1977. We disagree.

N.M.Crim.App. 302(b) reads:

"(b) *Additional Time After Service by Mail.* Whenever a party is required or permitted to do an act within a prescribed period after service of a paper upon him and the paper is served by mail, 3 days shall be added to the prescribed period."

N.M.Crim.App. 302(b) is not applicable; no paper has been served on appellant, by mail or otherwise.

N.M.Crim.App. 301 is the applicable rule. It provides that a paper to be filed with the appellate court is to be filed with the clerk except in those instances where filing with a judge is appropriate. "Filing by mail is not complete until actual receipt." N.M. Crim.App. 205 states the docketing statement is to be filed within 10 days of the notice of appeal.

The docketing statement must be filed within the time specified by the rule; additional filing time due to use of the mail is not authorized.

*Disposition of the Contempt Citation*

The uncontradicted showing is that Lucero mailed a docketing statement to this Court on May 23, 1977. In doing so he was relying on an extension of time granted by the district court. These circumstances show cause why Lucero should not be held in contempt.

IT IS ORDERED as follows:

1. Our order directing Lucero to show cause why he should not be held in contempt is quashed.

2. Upon the Clerk of this Court receiving the docketing fee, the appeal will be docketed in this Court. Lucero is to pay this fee forthwith.

3. Once the appeal is docketed, the docketing statement filed in the district court file will be considered as having been filed with this Court as of the date the filing fee is paid to the Clerk.

HENDLEY and HERNANDEZ, JJ., concur.