581 P.2d 870

**In the Matter of Anthony F. AVAL-LONE, Criminal Contempt of the Court of Appeals.**

No. 11768.

Supreme Court of New Mexico.

July 18, 1978.

Anthony F. Avallone, pro se.

Toney Anaya, Atty. Gen., Charlotte H. Roosen, Asst. Atty. Gen., Santa Fe, for respondent.

## OPINION

FEDERICI, Justice.

This action for contempt arose during the present appellant's representation of a client on appeal. The present appellant filed a docketing statement in the Court of Appeals for a client on October 21, 1977.

After receipt of the docketing statement the Court of Appeals placed the case on its limited calendar. The clerk's trial record was filed October 24, 1977 in the Court of Appeals. On November 14, 1977, the present appellant filed a brief in chief. At the time the brief was filed the following actions, mandated by Rules 207(b), 209(a) and (b) and 501(a) and (e) of the Rules of Appellate Procedure for criminal cases, were not taken.

(1) Appellant did not file a description of the parts of proceedings believed necessary for inclusion in the transcript or serve a copy of the same upon appellee. N.M.R. Crim.App. 209(a) [§ 41–23A–209(a), N.M. S.A. 1953 (Supp. 1975)]. (2) Appellant did not request a designation conference prior to filing the brief in chief. N.M.R. Crim. App. 209(a). (3) Appellant did not file a designation of the transcript of proceedings or proof of satisfactory arrangements. N.M.R. Crim.App. 209(b) [§ 41–23A–209(b),

N.M.S.A. 1953 (Supp. 1975)]. (4) Appellant did not file a transcript of proceedings under the limited calendar requirements of the rules. N.M.R. Crim.App. 207(b) [§ 41–23A–207(b), N.M.S.A. 1953 (Supp. 1975)]. (5) Appellant failed to provide references to the transcript or the record proper in the brief in chief. N.M.R. Crim.App. 501(a) and (e) [§ 41–23A–501(a) and (e), N.M.S.A. 1953 (Supp. 1975)].

Upon receipt of the brief in chief, the appellee (State) filed a motion to dismiss for failure to comply with the N.M. Crim. App. Rules. The Court of Appeals denied the motion but directed that the present appellant show cause why he should not be held in contempt of court.

At the show cause hearing the present appellant moved that Chief Judge Wood recuse himself. He also moved to quash the hearing because the proceedings had not been initiated by a sworn pleading or a pleading accompanied by an affidavit. At the hearing the Court of Appeals found the present appellant in contempt of court for failure to comply with the N.M. Crim.App. Rules and fined him $250.00.

■ Appellant contends that Chief Judge Wood should have recused himself since he had signed the court order initiating the show cause hearing and therefore was biased. We do not agree. The proper test for determining whether the impartiality of a judge has been affected by the acts of the contemnor is whether the act involves the personal feelings of the judge. Annot., 64 A.L.R.2d 600 (1959); *Mayberry v. Pennsylvania*, 400 U.S. 455, 91 S.Ct. 499, 27 L.Ed.2d 532 (1971). Where the acts involve vilification of the judge so that he becomes personally embroiled in the proceedings, due process may require that the judge be disqualified. *Taylor v. Hayes*, 418 U.S. 488, 94 S.Ct. 2697, 41 L.Ed.2d 897 (1974); *Mayberry v. Pennsylvania, supra*. The conduct of the appellant was not directed toward any judge personally but toward the procedures employed by the appellate court as a court of review.

■ The present appellant's second contention is that the Court of Appeals lacked jurisdiction because the show cause hearing was not initiated by a verified pleading or a pleading accompanied by an affidavit. We do not agree. Filing of documents occurs in the constructive presence of the court and may be a direct contempt if either the document or the act of filing is contemptuous. *People ex rel. Kunce v. Hogan*, 37 Ill.App.3d 673, 346 N.E.2d 456 (1976). A direct contempt may also consist of disobedience to or neglect of lawful process of the court. *Philadelphia Marine T. Ass'n. v. International L. Ass'n.*, 392 Pa. 500, 140 A.2d 814 (1958).

The record shows that at the hearing the present appellant admitted he had taken no steps to secure or designate a transcript. He also admitted that the brief in chief was not filed with the necessary transcript references. Where the court's records show whether a fact of filing was or was not accomplished, it is not necessary to support a show cause order by affidavit. *In re Albert*, 383 Mich. 722, 179 N.W.2d 20 (1970). The court still may initiate contempt proceedings by show cause order or motion. *State v. Driscoll*, 89 N.M. 541, 555 P.2d 136 (1976).

This Court has previously indicated that proceedings in contempt for violations similar to those present here are proper. *Eller v. State*, 90 N.M. 552, 566 P.2d 101 (1977); *Olguin v. State*, 90 N.M. 303, 563 P.2d 97 (1977); *Linam v. State*, 90 N.M. 302, 563 P.2d 96 (1977); *Vigil v. State*, 89 N.M. 601, 555 P.2d 901 (1976).

The order of the Court of Appeals is affirmed.

IT IS SO ORDERED.

EASLEY and PAYNE, JJ., concur.