594 P.2d 1199

**STATE of New Mexico, Plaintiff-Appellant,**

v.

**Mary Lou BACA, Defendant-Appellee.**

**No. 3861.**

Court of Appeals of New Mexico.

April 17, 1979.

Louis E. Valencia, Chief Deputy Dist. Atty., Bernalillo, for plaintiff-appellant.

Peter E. Gallagher, Pedro G. Rael, Albuquerque, for defendant-appellee.

## OPINION

WOOD, Chief Judge.

This appeal by the State presents the problem of the State's violation of N.M. Crim.App. 209(a).

According to the docketing statement, the trial court's order dismissing the criminal charge against defendant was filed October 23, 1978, and the State's notice of appeal was filed October 27, 1978. The docketing statement was filed, and the record proper (see N.M.Crim.App. 206(b)) was received, on November 8, 1978. The appeal was assigned to the limited calendar on November 13, 1978.

The pertinent portion of N.M.Crim.App. 209(a) states:

Within 3 days after receipt of a General or Limited calendar designation, the appellant shall file with the clerk of the district court and serve upon the appellee a description of the parts of the proceedings believed necessary for inclusion in the transcript. Within 7 days after the filing of the description by the appellant or within 10 days after receipt of the calendar assignment if no description is filed by appellant, the district judge shall conduct a conference for the purpose of designating the transcript of proceedings.

The State did not file a description of the parts of the proceedings believed necessary for inclusion in the transcript within three days. The State's designation was not filed until December 11, 1978. An affidavit of a secretary in the district attorney's office states that the first effort to obtain a designation conference was in late December, 1978. On January 16, 1979, the State gave notice that a designation conference would be held on February 28, 1979. An order was entered by the trial court on February 28, 1979 which designated the proceedings to be included in the transcript. On March 29, 1979, notice was given, pursuant to N.M. Crim.App. 209(c), that the transcript had been filed with the district court clerk.

On March 27, 1979, the State sought permission to file a late transcript. The motion was denied; the parties were given through April 4, 1979 to file memoranda directed to whether this Court should dismiss the appeal because of the noncompliance with N.M.Crim.App. 209. Having considered these memoranda, we dismiss the State's appeal because the State did not designate its desired transcript until 28 days after the calendar assignment, the State made no effort to obtain a designation conference before late December, 1978, and the designation conference was not held until 107 days after the calendar assignment.

N.M.Crim.App. 209(a) does not require the State, as appellant, to file a description of the parts of the proceedings to be included in the transcript. Even if the appellant does not file such a description, the district

judge is to conduct a designation conference. The rule contemplates that the designation conference is to be held within 10 days after receipt of the calendar assignment regardless of whether the appellant files a description of the proceedings desired by appellant.

■ The rule states the trial court "shall conduct" the conference. The State's view is that the burden of rule compliance is on the judge, not the appellant. We disagree. The appellant has the burden to provide the necessary record on appeal. *State v. Duran,* 91 N.M. 756, 581 P.2d 19 (1978); see *State v. Cranford,* 92 N.M. 5, 582 P.2d 382 (1978); *State v. Edwards,* 54 N.M. 189, 217 P.2d 854 (1950). Thus, the State had the burden of bringing the need for a designation conference to the trial court's attention so that the conference could have been held within the 10-day time period provided by the rule. The State first sought to bring the need for the designation conference to the trial court's attention some six weeks after receipt of the calendar assignment.

The State asserts that it would be improper to dismiss the appeal because of the rule violation; that other sanctions should be considered, such as a citation for contempt, or assessment of costs. The State points out that dismissal of the appeal, because of a rule violation, is inappropriate, except in an extreme case. See N.M.Crim. App. 102.

■ In considering whether a defendant's appeal should be dismissed for violation of appellate rules, a rule of liberal construction has been applied to the end that appeals are decided on their merits. *Olguin v. State,* 90 N.M. 303, 563 P.2d 97 (1977); *Linam v. State,* 90 N.M. 302, 563 P.2d 96 (1977); *Vigil v. State,* 89 N.M. 601, 555 P.2d 901 (1976). We doubt that a rule of liberal construction should be applied in favor of the State when the State is appealing dismissal of a criminal case. However, we do not base our decision on the applicability or nonapplicability of a rule of liberal construction.

■ Whether the rule violation is extreme, warranting dismissal, must be determined on a case-to-case basis. *Olguin v. State,* supra. *Linam v. State,* supra, points out that when a defendant's appeal is dismissed, the dismissal only affects the defendant. Dismissal of the State's appeal in this case would affect the defendant as well as the State because the State's appeal seeks reinstatement of the criminal charge. Should the State's appeal be successful in reinstating the criminal charge, we have no way of determining, at this point, whether the State-caused appellate delay would affect the ultimate defense of the case. What we do know, at this point, is that defendant has not been convicted of a crime, that she has the benefit of the presumption of innocence, and that the criminal charge against defendant has been dismissed. The State's rule violation had delayed its own appeal approximately three months. Such a delay, in a case seeking reinstatement of a dismissed criminal charge is, in our opinion, extreme.

■ The State's violations of N.M.Crim. App. 209(a) were: (a) the late filing by the State of its description of the parts of the proceedings to be included in the transcript and (b) the failure of the State to call the trial court's attention to the need for a designation conference to be held within the 10-day period provided by the rule. We do not hold an appellant responsible for a late designation conference where the trial court cannot conduct the conference within the 10-day period. However, most conferences take little of the trial court's time and, in most appeals, the conference is held within the 10-day time period. A three-month delay in the conference is unconscionable. This delay was caused by the State's rule violation. Because the delay was extreme, the appeal is dismissed.

IT IS SO ORDERED.

HENDLEY and WALTERS, JJ., concur.