795 P.2d 1023 (1990)
110 N.M. 331
STATE ex rel. EDUCATIONAL ASSESSMENTS SYSTEMS, INC., Plaintiff-Appellant,
v.
COOPERATIVE EDUCATIONAL SERVICES OF NEW MEXICO, INC., Defendant-Appellee.
EDUCATIONAL ASSESSMENTS SYSTEMS, INC., a New Mexico corporation, Plaintiff-Appellant,
v.
Max LUFT, individually and Cooperative Educational Services of New Mexico, Inc., a New Mexico non-profit corporation, Defendants-Appellees.
No. 11143.
Court of Appeals of New Mexico.
March 13, 1990.
Martin E. Threet, Robert G. Kavanagh, Threet & King, Albuquerque, for plaintiff-appellant Educational Assessments Sys., Inc.
Dan A. McKinnon, III, Marron, McKinnon & Ewing, Albuquerque, for defendant-appellee Educational Services of New Mexico, Inc.
Marshall G. Martin, Poole, Tinnin & Martin, Albuquerque, for defendant-appellee Max Luft.

*1024 OPINION
HARTZ, Judge.
Our purpose in issuing this formal opinion is to emphasize to all members of the bar their responsibility to ensure that a transcript or adequate substitute is timely filed in this court, remind them of means to accomplish this purpose, and warn of sanctions if counsel fail to fulfill their obligations in this regard.
This matter came before the court upon appellant's response to our order to show cause why the appeal should not be dismissed for failure to timely file a brief-in-chief. The brief-in-chief was several months overdue.
Counsel for appellant responded that he could not prepare his brief because the transcript was not complete, although portions of the transcript had been filed in June and August of 1989. He detailed his efforts to get the responsible court reporter, who is no longer employed by the judiciary, to complete the transcript. We accept his assertions of fact. Since late October counsel had contacted the court reporter weekly or biweekly in an attempt to obtain the missing pages of the transcript. When they were obtained in January, counsel discovered that the entire transcript contained so many errors that it was virtually unintelligible. Counsel for appellant states, however, that he and opposing counsel intend to enter into a stipulation clarifying the transcript, whereupon briefing may commence.
Because appellees have not objected, have not moved to dismiss the appeal, and appear to have suffered no prejudice, we shall not dismiss the appeal at this time. See Olguin v. State, 90 N.M. 303, 563 P.2d 97 (1977). Rather, we shall set a date by which the stipulation must be filed and shall set a briefing schedule based on that date. Nevertheless, we intend to be more demanding of appellate counsel in the future. We will not tolerate lengthy delays caused by failure to observe the appellate rules. We therefore take this opportunity to point out the pertinent rules, what likely would have happened had the rules been followed, and sanctions we shall impose in future cases when attorneys do not follow these rules.
The problems in this case are two: First, the court reporter was not cooperative in preparing a complete transcript in a timely fashion. Second, the transcript she prepared was not accurate. SCRA 1986, 12-211 addresses each of these problems.
Rule 12-211(E) provides that appellant is responsible for the timely preparation and filing of the transcript and allows this court to grant extensions of time for filing the transcript. This court must police such extensions, because we have our own duty to eliminate unnecessary appellate delays. See State v. Brionez, 90 N.M. 566, 566 P.2d 115 (Ct.App. 1977). Our policy is that requests for extensions of time should ordinarily be filed by the pertinent deadline. Indeed, we have announced that motions seeking extensions filed on the last day of the allotted time are disfavored and may be denied. See Notice published in the News and Views Section of the New Mexico Bar Bulletin, Vol. 25, No. 17, p. 3 (April 24, 1986).
Once it became apparent that the complete transcript in this case was not going to be filed by its due date, counsel for appellant should have moved this court for an extension of time pursuant to Rule 12-211(E). Although the rule requires the court reporter to submit an affidavit stating the reasons for delay, counsel could have moved this court to waive that requirement if he was unable to obtain the affidavit. See id. A motion to waive the requirement informs this court of an uncooperative court reporter, and thereby allows this court to take appropriate action.
When this court becomes aware of court reporters who are not timely preparing transcripts, we employ whatever means we have at our disposal to encourage the court reporters to fulfill their obligations. For example, a few months ago the court reporter involved in this case was ordered to show cause why she should not be held in contempt of this court for her failure to timely file a transcript in another case. *1025 That transcript was filed shortly after our hearing on the order to show cause.
Rule 12-211 also addresses the problem of inaccurate or unintelligible transcripts. Rule 12-211(C)(4) provides that after a transcript is filed in the district court, counsel have ten days to review it for accuracy before it is forwarded to the appellate court. If the transcript is inaccurate, counsel may object and the district court must resolve the objections. Thus, problems with the transcript can be caught and corrected (by a judge familiar with the proceedings) in a timely fashion before briefing time commences.
SCRA 1986, 12-312(D) allows this court to impose sanctions for failure to comply with rules. Dismissal of the appeal is available in extreme cases. See Olguin v. State. Attorneys may be held in contempt. See In re Avallone, 91 N.M. 777, 581 P.2d 870 (1978) (failure to follow rules regarding transcripts). When neither dismissal nor contempt is appropriate, we may fine counsel. In addition, when problems with an unintelligible or missing portion of a transcript are not timely called to the attention of the proper court under Rule 12-211(C)(4) or (E), we may refuse to consider contentions relating to that portion of the transcript. Cf. State v. Watley, 109 N.M. 619, 625, 788 P.2d 375, 381 (Ct.App. 1989).
Now that we have emphasized our concern about compliance with the rules governing transcripts, we shall not hesitate to impose appropriate sanctions. In the present case, however, we quash our order to show cause why the appeal should not be dismissed. We direct that the stipulation concerning the transcript be filed in this court on or before March 27, 1990. Appellant's brief-in-chief shall be due thirty days after the filing of the stipulation.
IT IS SO ORDERED.
MINZNER and CHAVEZ, JJ., concur.