823 P.2d 917

Pat JOHNSON, as next friend and parent of Dawn Johnson, Plaintiff–Appellant,

v.

SCHOOL BOARD OF ALBUQUERQUE PUBLIC SCHOOL SYSTEM, Defendant–Appellee.

No. 13036.

Court of Appeals of New Mexico.

May 21, 1991.

William S. Ferguson, Ferguson & Lind, P.C., Albuquerque, for plaintiff-appellant.

Eleanor K. Bratton, Modrall, Sperling, Roehl, Harris & Sisk, P.A., Albuquerque, for defendant-appellee.

## OPINION

APODACA, Judge.

Does the failure of an appellant to file a docketing statement timely deprive this court of jurisdiction over the appeal? We hold that it does not. Plaintiff has filed a motion for an extension of time in which to file her docketing statement. Defendant opposes the motion on several bases. Having considered the parties' arguments, we grant the motion.

■ Defendant's principal basis for opposing the motion is that the filing of a docketing statement is jurisdictional in this court. In making this argument, defendant relies on *Schmitz v. Smentowski,* 109 N.M. 386, 785 P.2d 726 (1990), in which our supreme court concluded that this court requires a docketing statement as a jurisdictional matter for perfecting appeals. We do not interpret the *Schmitz* holding, however, to mean that, unless the docketing statement is timely filed, this court does not have jurisdiction to consider the appeal or grant an extension of time within which to file such statement upon a showing of good cause.

Rather, until a docketing statement has been filed in this court, we cannot consider the merits of the appeal because we rely on the docketing statement under our calendaring system to provide us with the facts and issues sought to be raised. Both *Schmitz* and *Gallegos v. Citizens Insurance Agency,* 108 N.M. 722, 779 P.2d 99 (1989), on which *Schmitz* relied, were concerned with issues that were briefed, but not raised in the docketing statement. Here, we are concerned with the filing of the docketing statement, not with its contents.

■ Defendant also argues a collateral issue that the absence of language authorizing extensions under SCRA 1986, 12–208, as compared to SCRA 1986, 12–201 (Cum.Supp.1990), demonstrates our supreme court's intent not to permit this court to grant extension requests to file docketing statements. We disagree. In *State v. Brionez,* 90 N.M. 566, 566 P.2d 115 (Ct.App.1977), however, we held that this court, not the district court, had authority to grant extensions of time to file docketing statements.

Additionally, cases relied on by defendant to support a requirement that plaintiff show good cause why the extension should be granted are inapposite. Those cases concern amendments to docketing statements already filed. *See State v. Gallegos,* 109 N.M. 55, 781 P.2d 783 (Ct.App.1989). Besides, we determine there was sufficient cause in this case for requesting the extension, since plaintiff maintained that a mistake in calendaring made the extension necessary.

Defendant also urges us to deny the extension request and dismiss the appeal for failure to file a docketing statement within the time required on the basis that strict adherence to our rules is a means of controlling this court's increasing backlog. Because the filing here was only a few days late, we are unpersuaded by defendant's argument. It has often been said

that appellate courts liberally construe their rules to reach the merits of the appeals, rather than dismissing appeals on technicalities. *See Lowe v. Bloom*, 110 N.M. 555, 798 P.2d 156 (1990); *see also Marquez v. Gomez*, 111 N.M. 14, 801 P.2d 84 (1990). We decline to hold that an effective means of controlling our backlog is by dismissing appeals because a document was filed in this court a few days late. *Cf. State v. Baca*, 92 N.M. 743, 594 P.2d 1199 (Ct.App.1979) (state's appeal in criminal case dismissed where unexcused delay of ninety days was considered extreme). We believe the holding urged by defendant would be inconsistent with recent supreme court precedent.

The motion for extension of time in which to file the docketing statement is granted.

IT IS SO ORDERED.

DONNELLY and MINZNER, JJ., concur.