2005-NMCA-136

124 P.3d 579

**In the Matter of PHILIP M. KLEINSMITH, Respondent– Appellant.**

**No. 23,999.**

Court of Appeals of New Mexico.

Sept. 9, 2005.

Philip M. Kleinsmith, Kleinsmith & Associates, P.C., Colorado Springs, CO, Pro se Appellant.

Patricia A. Madrid, Attorney General, Frank D. Weissbarth, Assistant Attorney General, Santa Fe, NM, for Appellee.

## OPINION

ALARID, Judge.

{1} The case is before us pursuant to an order of the New Mexico Supreme Court quashing the writ of certiorari previously issued to this Court on April 5, 2005, and remanding this matter to this Court with directions that we convert our Memorandum Opinion issued February 4, 2005, to a formal, published opinion. Accordingly, we hereby withdraw our February 4, 2005, Memorandum Opinion and substitute the following formal opinion in its place.

{2} Respondent–Appellant, Philip M. Kleinsmith, appeals the district court's judgment finding him in contempt of court for violating an order appointing Appellant to represent a child pursuant to the Children's Mental Health and Disabilities Act. Appel-

lant argues that the underlying district court order appointing him to represent the child *pro bono* is unconstitutional under various provisions of the United States and New Mexico Constitutions and that it usurps the New Mexico Supreme Court's authority to regulate the practice of law. Applying the collateral bar rule, we decline to address Appellant's challenges to the validity of the underlying order of appointment. Appellant also challenges the proceedings on the order to show cause why he should not be held in contempt, arguing that the order to show cause was defective and that he was denied an impartial judge. Finally, Appellant argues that he lacked the ability to comply with the order, or, alternatively, that he did not intentionally violate the order of appointment. We reject these claims of error on the merits. We affirm the judgment of the district court holding Appellant in contempt of court and fining him $500.

## BACKGROUND

{3} In October 2002, the district court entered an Administrative Order for the purpose of establishing an effective and fair system for *pro bono* attorney appointments in McKinley County. The order required, *inter alia,* that all lawyers who had appeared as counsel in three or more cases filed in McKinley County during the preceding twelve-month period would be eligible for *pro bono* appointment on a rotating basis.

{4} On December 16, 2002, a petition was filed with the district court pursuant to the Children's Mental Health and Developmental Disabilities Act, NMSA 1978, §§ 32A–6–1 to –22 (1995, as amended through 1999) (CMHDDA) seeking appointment of an attorney for a child who had been admitted to a residential mental health facility. The chief deputy clerk of the district court reviewed the petition and the *pro bono* appointment list, determining that pursuant to the Administrative Order, Appellant was the next attorney due for a *pro bono* appointment. The deputy clerk prepared an order appointing Appellant as attorney for the child. On December 18, 2002, a district judge signed the order. The order was filed and a copy of the order and petition for appointment of an

attorney were faxed by the clerk's office to Appellant. The order provided as follows:

THIS MATTER having come before the Court upon the filing of Petition in the matter, and pursuant to Section 32A–6–12 G, NMSA, 1978 (as amended) an attorney shall be appointed to represent the child in this matter.

IT IS THEREFORE ORDERED that **PHILLIP** [sic] **KLEINSMITH** an attorney licensed to practice law in the New Mexico Court[s] is hereby appointed to represent [ ] the child in this matter.

IT IS FURTHER ORDERED that **PHILLIP** [sic] **KLEINSMITH,** shall meet with the child pursuant to [s]ection 32A–6–12 I, and shall advise the Court of said meeting, pursuant to Section 32A–6–12 J, NMSA.

{5} Within hours of receiving the faxed order and petition, Appellant telephoned the clerk's office. Appellant stated that he could not represent the child as he was going on vacation the next day, December 19, 2002, and would not return until December 26, 2002. The deputy clerk suggested that Appellant contact the mental health facility and speak to the child over the telephone. Appellant replied: "I don't even give service that fast on my paying clients." When Appellant persisted in asking to be relieved, the deputy clerk explained that she did not have the authority to relieve Appellant of his appointment and that Appellant should fax a motion to withdraw and a proposed order to the district court.

{6} On December 18, 2002, Appellant faxed a "Response to Appointment of Counsel" to the district court:

Philip M. Kleinsmith responds to his appointment of counsel herein by stating that his office received this order by fax at 10:46 a.m. on December 18, 2002. It was given to him at about 12:30 p.m. Mr. Kleinsmith spent the entire day yesterday in a hearing and has spent all day today attending to matters for which clients have paid him. No other time is available before he leaves on a planned vacation (12/19/02 thru 12/24/02) early in the morning on 12/19/02. Mr. Kleinsmith requests the Court to appoint someone else.

{7} Appellant left for his scheduled vacation without obtaining an order relieving him of his responsibility to contact the child. During the week of December 30, 2002, Genard Bitsilly, the child's caseworker at the residential treatment program to which the child had been admitted, telephoned the district court and informed the deputy clerk that the child wanted to speak with her attorney. The deputy clerk gave Mr. Bitsilly Appellant's name and telephone number. Mr. Bitsilly attempted to contact Appellant, leaving several messages asking Appellant to telephone Mr. Bitsilly. Appellant did not return Mr. Bitsilly's phone calls.

{8} On January 13, 2003, Mr. Bitsilly telephoned the district court advising the deputy clerk that Appellant had not contacted the child and that the child was demanding to speak with an attorney. The deputy clerk prepared an order reciting that Appellant "was appointed by this Court on December 18, 2002, and counsel has failed to contact the child." The order appointed another attorney to represent the child. This order was signed by the district court judge and entered later on January 13, 2003. On January 22, 2003, the district court issued an order to show cause why Appellant should not be held in contempt of court for noncompliance with the December 18, 2002, order of appointment.

{9} On January 29, 2003, Appellant mailed a petition for writ of prohibition and stay to the New Mexico Supreme Court. Appellant argued that the district court's Administrative Order was in substance a local rule and that it was invalid because it had not been submitted to the Supreme Court for approval and because it usurped the Supreme Court's authority to regulate the practice of law. Appellant also argued that the district court had subjected him to involuntary servitude in violation of the Thirteenth Amendment by appointing him to represent the child. Appellant asked the Supreme Court to declare the district court's Administrative Order and the order to show cause void *ab initio* and to stay further proceedings in the district court. The Supreme Court denied the petition without explanation on February 10, 2003.

{10} On March 19, 2003, the district court judge held a hearing on the order to show cause. The judge found Appellant in contempt of court and imposed a fine of $500.

**DISCUSSION**

**Collateral Bar Rule**

▬ {11} Generally, a party must obey an order issued by a court with subject matter and personal jurisdiction until the order is set aside. A party who disobeys an order may not collaterally attack the validity of the underlying order in the course of an appeal from a judgment holding the party in criminal contempt of court for violating the order. *State v. Cherryhomes,* 114 N.M. 495, 498, 840 P.2d 1261, 1264 (Ct.App.1992). With strictly limited exceptions, *see, e.g., Maness v. Meyers,* 419 U.S. 449, 95 S.Ct. 584, 42 L.Ed.2d 574 (1975), these principles, known as the "collateral bar rule," apply even where the underlying order is unconstitutional. *Cherryhomes,* 114 N.M. at 498, 840 P.2d at 1264.

▬ {12} District courts are courts of general jurisdiction. "The district court shall have original jurisdiction in all matters and causes not excepted in this constitution, and such jurisdiction of special cases and proceedings as may be conferred by law." N.M. Const. art. VI, § 13. In entertaining the petition for appointment of an attorney, the district court was exercising jurisdiction conferred on district courts by the Children's Code. NMSA 1978, § 32A–1–4(C) (2003) (defining "court" to mean "the children's court division of the district court"); NMSA, § 32A–1–5(A) (1993) (establishing children's court as a division of the district court of each county); NMSA 1978, § 32A–1–8(A) (1993) (conferring "exclusive original jurisdiction [in the children's court] of all proceedings under the Children's Code"); § 32A–6–12(G) (requiring the court to appoint an attorney for a child voluntarily admitted to a residential treatment or habilitation program upon petition by the residential treatment or habilitation program). The district court clearly was acting within its subject matter jurisdiction in appointing an attorney to represent the child. Appellant has not challenged the personal jurisdiction of the district court. Because the district court was not proceeding in excess of its subject matter or personal jurisdiction in appointing Appellant to represent the child, the collateral bar rule precludes Appellant from challenging the validity of the underlying order of appointment.

**Contempt Proceeding**

{13} Appellant argues that the contempt proceedings were fatally defective because they were initiated by an unverified order to show cause. In *State v. Clark,* 56 N.M. 123, 127, 241 P.2d 328, 330 (1952), the defendant was charged in an unverified motion with having violated an injunction prohibiting the defendant from operating houses of prostitution. The defendant was convicted. On appeal, the Supreme Court reversed, holding that a verified motion or affidavit was "a prerequisite to jurisdiction in the case."

{14} We consider the present case to be distinguishable from *Clark,* for the reasons announced in *In re Avallone,* 91 N.M. 777, 778, 581 P.2d 870, 871 (1978). In *In re Avallone,* the contemnor was appellate counsel for a defendant in a criminal case before this Court. The contemnor committed numerous errors of omission in violation of the rules of appellate procedure:

(1) Appellant did not file a description of the parts of proceedings believed necessary for inclusion in the transcript or serve a copy of the same upon the appellee. (2) Appellant did not request a designation conference prior to filing the brief in chief. (3) Appellant did not file a designation of the transcript of proceedings or proof of satisfactory arrangements. (4) Appellant did not file a transcript of proceedings under the limited calendar requirements of the rules. (5) Appellant failed to provide references to the transcript or the record proper in the brief in chief.

91 N.M. at 777–78, 581 P.2d at 870–71 (citations omitted). Rather than dismiss the appeal, this Court issued an order to show cause why the defendant's counsel should not be held in contempt. At the show cause hearing, counsel argued that the proceedings should be dismissed because the contempt proceedings had not been initiated by a sworn pleading, or a pleading accompanied

by a sworn affidavit. We rejected this contention and found counsel in contempt of court for failing to comply with the rules of appellate procedure. The Supreme Court affirmed our judgment of contempt. The Supreme Court stated that "[w]here the court's records show whether a fact of filing was or was not accomplished, it is not necessary to support a show cause order by affidavit." *Id.* at 778, 581 P.2d at 871.

{15} In the present case, the order appointing Appellant directed Appellant to meet with the child and to advise the district court of the meeting. The district court's records would have indicated the facts of Appellant's appointment, Appellant's request to be relieved, the absence of an order relieving Appellant of his appointment, and the absence of the written statement contemplated by Section 32A–6–12(J) (requiring attorney to prepare a written certification that the child understands his rights and desires to remain in the program and to forward a copy to the court within seven days of the child's admission). Here, the absence of the Section 32A–6–12(J) statement would have indicated to the district court that Appellant had not complied with the district court's order. In such a case, it was not necessary to support the order to show cause with a sworn affidavit.

{16} Citing *Wollen v. State,* 86 N.M. 1, 2, 518 P.2d 960, 961 (1974), Appellant contends that the district judge was required to disqualify himself. *Wollen,* which adopted a per se rule of disqualification, was overruled by *State v. Stout,* 100 N.M. 472, 672 P.2d 645 (1983). Under *Stout,* a judge who initiates a contempt proceeding may preside at the show cause hearing so long as he has not become so embroiled in the controversy that he is unable to fairly and objectively decide the matter. *Id.* at 475, 672 P.2d at 648. Here, the district court judge was not subjected to a personal attack; his only demonstrable interest was in vindicating the authority of the court. We have listened to the tape-recorded transcript of the hearing

on the order to show cause and we are satisfied that any irritation the judge may have felt upon learning that his order had been ignored by Appellant did not interfere with his ability to conduct the show cause hearing in a dignified, temperate, and impartial manner. The district court judge did not err in declining to disqualify himself.

{17} Lastly, Appellant argues that the record does not demonstrate that he committed contempt because he lacked the ability to carry out the district court's order and because he did not intentionally violate the district court's order.

{18} The district court heard testimony that, although a face-to-face meeting is preferred, Appellant could have interviewed the child by telephone to carry out his responsibilities under Section 32A–6–12(I). While we encourage attorneys appointed to represent children pursuant to the CMHDDA to meet with their clients in person, we acknowledge, consistent with the testimony presented to the district court, that in the case of attorneys who are contacted on short notice and who live a considerable distance from the facility in which the child has been placed, that contact by telephone is a reasonable method of complying with the duties imposed by Section 32A–6–12.[1] The record supports the conclusion that Appellant had the ability to substantially carry out the terms of the order appointing him without even leaving his own office, but instead flatly refused to even consider this alternative method of complying with the court's order.

{19} At the show cause hearing, Appellant had a full and fair opportunity to explain his failure to obey the order of appointment. Appellant's excuse was that he assumed when he did not hear back from the district court that the district court had automatically granted his request to be relieved and had appointed another member of the bar to fulfill Appellant's duties to the child. We

---

1. Section 32A–6–12(I), which was cited in the order appointing Appellant, sets out the initial duties of an attorney appointed to represent a child who has been voluntarily admitted to a residential mental health program:

Within seven days of the admission, an attorney representing the child pursuant to the provisions of the Children's Mental Health and Developmental Disabilities Act ... shall meet with the child.

reject Appellant's attempt to shift the burden of notification to the district court. Appellant does not dispute that he had actual notice of the order appointing him to represent the child. Pursuant to Rule 10–113(B) NMRA, an attorney appointed by the court to represent a child "shall continue such representation until relieved by the court." Notwithstanding his pending request to be relieved, Appellant remained subject to the duty to carry out the district court's order of appointment unless and until he was notified by the district court that Appellant's request to be relieved had been granted.

{20} The district court's findings indicate that the court disbelieved Appellant, who denied receiving phone messages from Mr. Bitsilly, and instead, the court believed Mr. Bitsilly, who testified that during the week of December 30, 2002, he left several messages at Appellant's phone number asking Appellant to phone him. During the same period that Appellant was receiving phone messages from Mr. Bitsilly, Appellant necessarily knew that he had not received a written order or other communication from the district court granting his request that the district court appoint someone else. Appellant compounded his initial contempt in leaving on vacation without contacting the child when, following his return from vacation, he repeatedly ignored phone calls from Mr. Bitsilly, knowing that he had not received a written order or other communication from the district court relieving him of the appointment. Under New Mexico law, intent is not an essential element of either civil or criminal contempt. *Seven Rivers Farm, Inc. v. Reynolds,* 84 N.M. 789, 792, 508 P.2d 1276, 1279 (1973). Appellant's willful indifference to the status of his appointment as demonstrated by his failure to contact the district court subsequent to the filing of his December 18, 2002, response, coupled with Appellant's failure to carry out his appointment, fully justified the district court's finding of contempt. *See In re Avallone,* 91 N.M. at 778, 581 P.2d at 871 (upholding finding of contempt based upon evidence of counsel's unexcused failure to comply with the rules of appellate procedure).

## CONCLUSION

{21} We affirm the judgment of the district court finding Appellant in criminal contempt and fining Appellant $500.

{22} **IT IS SO ORDERED.**

WE CONCUR: MICHAEL D. BUSTAMANTE, Chief Judge and IRA ROBINSON, Judge.