This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39179

CYNTHIA MONTANO,

Plaintiff-Appellee,

v.

MOVING EXPRESS & STORAGE, INC.,

Defendant-Appellant,

and

COUNTRYWIDE MOVING PLUS, LLC and JAMAL MOHAMMED,

Defendants.

APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY
James A. Noel, District Judge

Ellis & Estes
Daniel P. Estes
Albuquerque, NM

for Appellee

Jay Goodman & Associates Law Firm, P.C.
Mario Hernandez-Gerety
Peter L. Bruso
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**MEDINA, Judge.**

**{1}** Defendant Moving Express & Storage, Inc. appeals the district court's denial of its motion to set aside a judgment entered in favor of Plaintiff Cynthia Montano. Defendant contends that it and defendants Countrywide Moving Plus, LLC and Jamal Mohammed were not properly served with process in accordance with Rule 1-004(G) NMRA. As such, it claims the district court lacked personal jurisdiction over Defendant and the judgment is void. Consequently, it contends the district court abused its discretion when denying Defendant's motion to set aside the judgment. We hold that the district court did not abuse its discretion because Defendant was properly served. We therefore affirm.

**DISCUSSION**

**{2}** Defendant moved to set aside the judgment pursuant to Rule 1-055(C) NMRA and Rule 1-060 NMRA. We review a denial of a motion to set aside a judgment pursuant to Rule 1-060(B) for an abuse of discretion. *Stein v. Alpine Sports, Inc.*, 1998-NMSC-040, ¶ 6, 126 N.M. 258, 968 P.2d 769.

**{3}** Defendant argues that the district court's denial of its motion was an abuse of discretion because good cause existed to set aside the judgment. *See* Rule 1-055(C) (stating that a judgment may be set aside when "good cause [is] shown"). Defendant argues good cause existed because it was never properly served under Rule 1-004. According to Defendant, (1) Plaintiff failed to show affirmative steps taken to comply with the requirements to serve a corporation under Rule 1-004(G); (2) Plaintiff failed to prove that the employee served was "in charge" of the office as required by Rule 1-004(G)(2); and (3) Plaintiff's facsimile, mail, and telephone notice cannot be considered service under Rule 1-004(G). We agree that Plaintiff's facsimile, mail, and telephone notice are not proper service under Rule 1-004. However, we disagree that Defendant was not properly served and explain.

**{4}** A plaintiff can serve a domestic or foreign corporation, limited liability company, or other business entity "by serving a copy of the process to an officer, a managing or a general agent or to any other agent authorized by appointment, by law or by this rule to receive service of process." Rule 1-004(G)(1)(a). However, "[i]f none of the persons mentioned [in Rule 1-004(G)(1)(a)] is available, service may be made by delivering a copy of the process or other papers to be served at the principle office of place of business during regular business hours to the person in charge." Rule 1-004(G)(2).

**{5}** Although Defendant argues that the district court abused its discretion by finding that Plaintiff properly served Defendant, we are hindered in our review because Defendant has not provided this Court with the basis for the district court's decision. In fact, Defendant provides little information about the hearing on its motion in its briefing on appeal and failed to certify a transcript or audio recording of the hearing for our review. *See Sandoval v. Baker Hughes Oilfield Operations, Inc.*, 2009-NMCA-095, ¶ 65, 146 N.M. 853, 215 P.3d 791 ("It is the duty of the appellant to provide a record

adequate to review the issues on appeal."); *see also State ex rel. Educ. Assessments Sys., Inc. v. Coop. Educ. Servs. of N.M., Inc.*, 1990-NMCA-032, ¶¶ 1, 6, 110 N.M. 331, 795 P.2d 1023 (stating that the "appellant is responsible for the timely preparation and filing of the transcript" or adequate substitute in this Court).

**{6}** It appears from the record that Plaintiff made two arguments to the district court. First, Plaintiff argued that the employee served was the only person working at Defendant's office to support that the employee was in charge of the office. Second, Plaintiff argued that the employee served was a managing or general agent of Defendant because the employee was involved in settlement negotiations with Plaintiff. Plaintiff maintains both arguments on appeal.

**{7}** Because our record is deficient, "every presumption is indulged in favor of the correctness and regularity of the [district] court's decision, and the appellate court will indulge in reasonable presumptions in support of the order entered." *Sandoval*, 2009-NMCA-095, ¶ 65 (internal quotation marks and citation omitted). Further, "[i]n the absence of a transcript . . . , we presume the district court's ruling is supported by the evidence." *N.M. State Inv. Council v. Weinstein*, 2016-NMCA-069, ¶ 94, 382 P.3d 923. Therefore, we assume the district court considered evidence sufficient to support its conclusion that Plaintiff properly served Defendant.

**{8}** We disagree with Defendant that Plaintiff did not properly serve it under Rule 1-004(G). The record indicates that Plaintiff's process server attempted to serve an officer, a managing or a general agent, or any other agent authorized by appointment of the business according to Rule 1-004(G)(1)(a) at Defendant's office. But because such a person was unavailable, Plaintiff's process server served an employee apparently in charge of Defendant's office as permitted by Rule 1-004(G)(2). Although not required by the rule, Plaintiff's process server mailed an additional copy to the same address to ensure receipt of the complaint and summons.

**{9}** Defendant argues that "there is nothing in the record" showing Plaintiff's process server "even attempted to locate and/or serve an officer or agent of Defendant." But the return of service filed states Plaintiff's process server attempted to locate a manager or officer of Defendant at Defendant's office, which is sufficient to fulfill Rule 1-004(G)(1)(a).

**{10}** Defendant also argues that Plaintiff "provided no facts upon which their process server relied" to determine the employee served was in charge at the place of business after failing to serve an officer or agent. But as discussed above, we assume that the district court's decision is supported by evidence when reviewing an insufficient record. *See Michaluk v. Burke*, 1987-NMCA-044, ¶ 25, 105 N.M. 670, 735 P.2d 1176. To meet its burden on appeal, Defendant must provide an argument including "citations to authorities, record proper, *transcript of proceedings*, or exhibits relied on." *See* Rule 12-318(A)(4) NMRA (emphasis added). Defendant has therefore failed to meet its burden to show the district court's decision is unsupported by substantial evidence by failing to provide a full record for review. *Cf. Woolwine v. Furr's, Inc.*, 1987-NMCA-133, ¶ 14, 106

N.M. 492, 745 P.2d 717 (holding that a party's challenge to a jury instruction failed when the party argued there was no evidence in the record on appeal to support the use of the jury instruction, but the party did not include all relevant information in the record used to support the district court's decision on appeal).

**{11}**    Finally, Defendant argues on appeal that defendants Countrywide Moving Plus, LLC and Jamal Mohammed were also improperly served and that this should effect our analysis of whether the judgment is void. These defendants are not parties to this appeal, and therefore we decline to consider Defendant's argument on their behalf. *See Wright v. First Nat'l Bank Albuquerque*, 1997-NMSC-026, ¶ 1, 123 N.M. 417, 941 P.2d 498 (declining to consider an argument on behalf of an entity not a party to the appeal); *State ex rel. Stratton v. Sinks*, 1987-NMCA-092, ¶ 8, 106 N.M. 213, 741 P.2d 435 (stating that the defendant cannot raise issues attacking the judgment on behalf of others).

## CONCLUSION

**{12}**    Based on the forgoing, we hold that Defendant failed to establish "good cause" to set aside the judgment. We therefore affirm the district court's denial of Defendant's motion to set aside the judgment.

**{13}    IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**MICHAEL D. BUSTAMANTE, Judge, retired, sitting by designation**