804 P.2d 1076

**Peggy MITCHELL, Petitioner,**

v.

**DONA ANA SAVINGS AND LOAN ASSOCIATION, F.A., a Federally Chartered Savings and Loan Association, Respondent.**

**No. 19484.**

Supreme Court of New Mexico.

Jan. 24, 1991.

Law Systems of Las Cruces, Thomas R. Figart, Anthony F. Avallone, Las Cruces, for petitioner.

Mick I. Gutierrez, Las Cruces, for respondent.

OPINION

SOSA, Chief Justice.

We granted attorney Anthony F. Avallone's petition for certiorari to review the dismissal of his appeal of a sanction imposed by the trial court under SCRA 1986, 1–011. After reviewing the court of appeals' opinion, the record before the court of appeals, the petition, and Avallone's brief, we reverse the court of appeals. We remand the case to the court of appeals with instructions to consider Avallone's appeal. We express no opinion on the merits of that appeal.

We agree with the court of appeals' reading of the applicable case law as set forth in Judge Bivins' well-crafted opinion. However, we hesitate to reach the sweeping conclusion that Judge Bivins reached. We disagree with the court of appeals that Avallone's failure to prosecute the appeal in his own name deprived the court of

jurisdiction. We think that to promulgate such an all-inclusive rule in New Mexico would establish a precedent that could work an injustice against future appellant litigants, particularly against those who might be proceeding pro se.

While we admire the court of appeals' determination to proscribe "sloppy practice," we feel that it might be better to tolerate a little sloppiness in the service of the few appellants whose appeals might otherwise fall through the cracks for their lack of adherence to technicalities.

However, we do not wish to err in the other direction. We thus limit our holding to the facts of this case. Here Avallone did all that could have been expected of him. He appealed the trial court's "Order Imposing Sanctions," an order that bore the same caption as the case had borne all along, and which carried the pleadings into the court of appeals. We think it would have been worse than "sloppy practice" for Avallone to have written himself in as an appellant in the caption of the case when the pleadings from day one to appeal bore a caption that did not include him.

His principal error was to file a Notice of Appeal in which he stated that "The defendant appeals to the Court of Appeals of the State of New Mexico from the Order Imposing Sanctions * * *." Technically, it was Avallone and not the defendant who appealed the court's order. Yet, the order itself and Avallone's docketing statement made it clear to all concerned that it was Avallone and not his client who was prosecuting the appeal. Except for writing the word "defendant" instead of "defendant's attorney" or the like, Avallone did everything that could have been expected of him under our rules of civil procedure as presently constituted.

We do not think the holding in *Torres v. Oakland Scavenger Company*, 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988) mandates the decision reached by the court of appeals. There the non-designated appellant was simply missing from the appeal; here the non-designated appellant made his presence and his arguments on appeal very much known and in his own name. Where an appellant is not named in the appeal, the court may not grant him relief. As to such an appellant, it is as if he doesn't exist. For that reason the appellate court obviously cannot take jurisdiction over such an appeal.

But where an appellant is obviously present before the court and vigorously pursuing his case—although his name is missing from the caption of the case and he has erroneously designated someone else as the appellant—the court and all those concerned may yet have sufficient knowledge of the parties and their positions to hear the merits of the case. Such was the fact here. There is no question that the court of appeals knew who Avallone was and that it was he rather than his client who was prosecuting the appeal. To decline jurisdiction over Avallone's appeal in this situation appears to us an exaltation of form over substance. As the Court noted in *Torres:*

> The purpose of the specificity requirement [of the federal rule similar to SCRA 1986, 12–202(B), considered by the court] is to provide notice both to the opposition and to the court of the identity of the appellant or appellants * * *. The specificity requirement of [the rule under consideration] is met only by some designation that gives fair notice of the specific individual or entity seeking to appeal.

487 U.S. at 318, 108 S.Ct. at 2409.

Here the court of appeals and the district court and anyone else who was interested in the case obviously had notice of the appellant's identity. Further, Avallone, however inartfully, gave the court "some designation * * * of the specific individual or entity seeking to appeal," namely, Avallone himself. This is not like the factual situation in *Torres* where the appellant hoped to be considered as an appellant because the phrase "et. al." had been attached to the name of a party. The appellate court in *Torres* would have had to guess if "et. al." meant that Torres, a non-designated party, was to have been included as a party. That is a far different situation than the one before us, where

Avallone was known to have been the actual appellant.

We decline to follow the holding of *De-Luca v. Long Island Lighting Co.*, 862 F.2d 427 (2d Cir.1988), where the court stated, "The Supreme Court has held [in *Torres*] that Fed.R.App.P. 3(c)'s requirement that a notice of appeal 'specify the party or parties taking the appeal' is a jurisdictional requirement." 862 F.2d at 429. We think the Second Circuit Court of Appeals gave *Torres* too narrow a reading.

For the reasons stated above, the judgment of the court of appeals is reversed and the case is remanded to the court of appeals with instructions for that court to consider Avallone's appeal as if he had filed it in his own name.

IT IS SO ORDERED.

RANSOM and MONTGOMERY, JJ., concur.