Certiorari Denied, No. 32,384, June 3, 2010

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: 2010-NMCA-059

Filing Date: April 9, 2010

Docket No. 30,050

**STATE OF NEW MEXICO,**

   **Plaintiff-Appellee,**

**v.**

**ROBERT MITCHELL,**

   **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Neil Candelaria, District Judge**

Gary K. King, Attorney General
Margaret McLean, Assistant Attorney General
Santa Fe, NM

for Appellee

Albright Law & Consulting
Jennifer R. Albright
Albuquerque, NM

for Appellant

## OPINION

**FRY, Chief Judge.**

**{1}** Defendant appeals the district court's judgment affirming his conviction in metropolitan court for DWI. Defendant raises three arguments: (1) that an electronic signature on a criminal complaint does not satisfy the requirements of the Rules of Criminal Procedure, (2) that Officer Lopez could not continue the DWI investigation begun by Officer Altman because the requirements of the police-team concept were not satisfied, and (3) that

1

the metropolitan court erred in permitting the State to present evidence on Defendant's alleged prior DWI arrest. We proposed to affirm on the summary calendar. Defendant has responded to our proposal and, not being persuaded, we affirm. We provide necessary factual and procedural background in our discussion of each issue.

**Electronic Signature**

**{2}** Defendant contends that the metropolitan court erred in determining that the arresting officer's electronic signature on the criminal complaint was sufficient to satisfy the requirements of the rules of criminal procedure. Rule 7-210(J) NMRA defines "signed" as including "an original signature, a copy of an original signature, a computer-generated signature or any other signature otherwise authorized by law" (internal quotation marks omitted). Thus, anything that requires a signature under the rules of procedure for metropolitan court can be signed by a computer-generated signature. A criminal complaint that commences an action in metropolitan court consists of a sworn statement containing the facts, the common name of the offense charged, and the specific section number of the statute or ordinance that contains the offense. Rule 7-201(A) NMRA. The complaint in this case complied with these requirements.

**{3}** Defendant argues that Rule 7-210(J) does not apply to this situation because it is addressed solely to the filing and service of pleadings by facsimile. We agree that the rule is not directly on point to the facts of this case. However, we believe that the rule gives an indication of the acceptance of computer-generated signatures in the filing of court documents.

**{4}** In our notice, we indicated that there did not appear to be a dispute that the signature was the arresting officer's computer-generated signature. Further, we indicated that we did not see how Defendant was prejudiced by the electronic signature. Defendant has not responded to either of these statements. He continues to assert that there must be an original signature on the complaint. Without a showing of prejudice, however, there is no reversible error. *State v. Fernandez*, 117 N.M. 673, 677, 875 P.2d 1104, 1108 (Ct. App. 1994). We conclude that under the circumstances of this case, the electronic signature was sufficient to satisfy the requirements of the rules for filing a complaint.

**Police-Team Concept**

**{5}** Defendant contends that the metropolitan court erred in allowing police-team concepts to apply to this case. This issue apparently arose at trial when Defendant moved to suppress evidence obtained by Officer Lopez, who was called by Officer Altman to complete the DWI investigation. This Court recognizes the police-team exception to the requirement that a misdemeanor arrest cannot be made unless the misdemeanor was committed in the presence of the arresting officer. *State v. Lyon*, 103 N.M. 305, 308-09, 706 P.2d 516, 519-20 (Ct. App. 1985). The exception allows more than one police officer to

work together to investigate a defendant's criminal activity and use their collective effort to support probable cause for the warrantless misdemeanor arrest.

**{6}** Here, Officer Altman stopped Defendant for a traffic violation. When he approached the vehicle he noticed an odor of alcohol coming from Defendant. He also observed bloodshot, watery eyes, and Defendant admitted to drinking "a little bit." At that point, Officer Altman called another officer to complete the DWI investigation, and Officer Lopez responded. Officer Altman reported what he had observed to Officer Lopez. Officer Lopez then approached Defendant and noticed an odor of alcohol coming from the vehicle, bloodshot, watery eyes, and slurred speech. Officer Lopez performed field sobriety tests and arrested Defendant on charges of DWI.

**{7}** We proposed to conclude that the two officers' investigations together constituted a cooperative effort permitting Officer Lopez to investigate and arrest Defendant for DWI. *See State v. Warren*, 103 N.M. 472, 477, 709 P.2d 194, 199 (Ct. App. 1985) (discussing guidelines for applying the police-team exception). Defendant responds by pointing out that there are two situations that allow for the police-team concept to apply: (1) where an officer must call in assistance for reasons such as inherent danger or criminal flight, and (2) where officers are working collectively. *Id.* He argues that neither of these situations applies to this case. He makes much of Officer Altman's testimony that even though he is trained in investigating DWIs, he called for a second officer because that is what he does. Defendant argues that there was no need for cooperative work here.

**{8}** Our cases, however, do not say that the police-team concept will apply only if there is a *need* for cooperative work. Rather, the concept will apply if there *has been* cooperative work. Defendant argues that the two officers did not work collectively. He appears to be arguing that where one officer passes the investigation onto another simply because he did not want to finish it, there is not collective police work. That may be so, but that is not what happened here. Officer Altman was on patrol as part of a tactical operation plan when he stopped Defendant. His primary duty was to patrol the streets, not to perform DWI investigations. Thus, his observations could properly be passed onto Officer Lopez to investigate the possibility of DWI. We conclude that the police-team concept was appropriate here and there was no basis to suppress the evidence obtained by Officer Lopez.

**Evidence of Prior Arrest**

**{9}** Defendant contends that the metropolitan court erred in allowing the State to question him about an alleged prior DWI arrest history. He contends that the evidence was inadmissible prior bad acts evidence. *See* Rule 11-404(B) NMRA (providing that evidence of other crimes, wrongs, or bad acts is not admissible to prove action in conformity therewith). It appears that the questioning here arose during cross-examination when Defendant testified that he did not understand what the field sobriety tests "were looking for." There was also apparently a question about whether Defendant understood Officer Lopez when he explained what Defendant was required to do on the tests.

**{10}** Defendant acknowledged that he had trouble walking, but that he did not think that would affect his performance on the tests. He also acknowledged that he had performed field sobriety tests before, but that he did not remember what the particular tests required him to do. Only when the prosecutor asked when Defendant had previously performed the field sobriety tests did counsel object to the line of questioning, stating that it was not material to anything. The metropolitan court determined that the evidence was material to whether Defendant understood the instructions for each test. *See State v. Allen*, 91 N.M. 759, 760, 581 P.2d 22, 23 (Ct. App. 1978) (stating that evidence of collateral offense may be admitted if relevant to a "material element of the crime charged which is in issue and upon which there is doubt" (internal quotation marks and citation omitted)).

**{11}** Defendant acknowledges that a general reference to whether or not Defendant had taken a field sobriety test prior to the incident in question might be relevant and material. He argues, however, that repeated evidence regarding numerous prior DWI arrests is not relevant and is highly prejudicial. We disagree. First, it does not appear that the State sought to introduce evidence of numerous prior DWI arrests. Instead, it appears it was trying to establish how long ago the prior arrest was. That could be relevant to whether Defendant could remember how to perform the tests and what was required of him. Second, this was a bench trial, and the metropolitan court was careful to make clear that the evidence regarding prior arrests was relevant only to whether or not Defendant understood what he was required to do for the test. It was not used as evidence that Defendant was guilty of DWI in the current incident.

**{12}** Defendant argues that the metropolitan court never engaged in the weighing required by Rule 11-403 NMRA. We are unpersuaded. First, it does not appear that defense counsel objected on the ground that the evidence, while relevant, was unduly prejudicial. Rather, his objection went to materiality. *See State v. Elliott*, 2001-NMCA-108, ¶ 21, 131 N.M. 390, 37 P.3d 107 (requiring that for preservation purposes objections to the admission of evidence specifically apprise the district court of the nature of the objection). Counsel did not ask the metropolitan court to make a determination regarding whether the evidence was more prejudicial than probative. Second, although there is no formal weighing on the record, it appears that the metropolitan court determined that the evidence was not unduly prejudicial because the court stated that it did not care about earlier arrests. Ultimately, we assume that the erroneous admission of evidence in a bench trial is harmless unless it appears that the court must have relied on the improper evidence in rendering a decision. *See State v. Hernandez*, 1999-NMCA-105, ¶ 22, 127 N.M. 769, 987 P.2d 1156. We conclude that it was not reversible error to allow the State to question Defendant about prior DWI arrests in connection with his performance of field sobriety tests where the metropolitan court did not rely on that evidence to support the conviction.

**CONCLUSION**

**{13}** For the reasons stated herein and in the notice of proposed disposition, we affirm the judgment and sentence.

{14}   **IT IS SO ORDERED**.

_____

**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

_____

**CELIA FOY CASTILLO, Judge**

_____

**ROBERT E. ROBLES, Judge**

Topic Index for *State v. Mitchell*, **Docket No. 30,050**

| | |
|---|---|
| **CL** | **CRIMINAL LAW** |
| CL-DG | Driving While Intoxicated |
| | |
| **CA** | **CRIMINAL PROCEDURE** |
| CA-MD | Misdemeanor Arrest Rule |
| CA-PJ | Prejudice |
| CA-WA | Warrantless Arrest |
| | |
| **EV** | **EVIDENCE** |
| EV-PA | Prior Acts or Statements |