This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.** **No. 30,149**

**PAULINE HENRY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Robert M. Schwartz, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Lisa A. Torraco
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

Defendant appeals from the district court's affirmance of her conviction for driving while intoxicated (DWI) in violation of NMSA 1978, Section 66-8-102(A) (2005) (amended 2007 and 2008), following a bench trial in the metropolitan court. On appeal to this Court, Defendant contends that (1) there was not reasonable suspicion to support a DWI investigation [DS 5], and (2) the trial court erred when it applied the police-team exception to support her arrest [DS 6; RP 94]. This Court issued a calendar notice proposing to affirm. Defendant has filed a memorandum in opposition citing *State v. Franklin*, 78 N.M. 127, 428 P.2d 982 (1967), and *State v. Boyer*, 103 N.M. 655, 712 P.2d 1 (Ct. App. 1985). This Court has given due consideration to Defendant's arguments. Unpersuaded, we affirm.

**Reasonable Suspicion**

In this Court's proposed disposition we noted that Defendant's arrest arose after Officer Borunda had responded to a domestic disturbance involving Defendant's daughter and son-in-law. [DS 3-4; RP 37, 69-70] Defendant's daughter had called Defendant to pick up Defendant's grandchildren to avoid them being taken in by child protective services. [DS 4; RP 37] Defendant drove to the location of the domestic disturbance where Officer Borunda was waiting for back-up to arrive before approaching the residence. [RP 41-43] Officer Borunda called Defendant over to him because it is against Albuquerque Police Department policy to allow a civilian to enter

the scene of a possible domestic disturbance. [RP 42] Officer Borunda noticed a strong odor of alcohol when Defendant approached him. [Id.] Officer Borunda further observed that Defendant appeared tired and had slurred speech, and Defendant admitted to drinking. [Id.] Officer Borunda contacted a DWI officer to continue the DWI investigation. [RP 41-42]

In this Court's calendar notice, we proposed to conclude that Officer Borunda's observations of slurred speech and a smell of alcohol emitting from Defendant's facial area, in addition to Defendant's admission to drinking, "would lead a reasonable person to believe criminal activity occurred or was occurring," where Officer Borunda had also observed Defendant driving. *State v. Taylor*, 1999-NMCA-022, ¶ 7, 126 N.M. 569, 973 P.2d 246 (internal quotation marks and citation omitted). Defendant continues to argue in her memorandum in opposition that Officer Borunda did not have reasonable suspicion to call another officer to continue the DWI investigation, and thus the trial court erred in denying her motion to suppress. [MIO 3] Specifically, Defendant relies on the fact that Officer Borunda did not "feel he had reasonable suspicion to detain [Defendant]" to argue in support of reversal. [Id.] In our calendar notice, we proposed to conclude that Officer Borunda's subjective belief as to whether reasonable suspicion existed was irrelevant. *See Taylor*, 1999-NMCA-022, ¶ 7 ("An investigatory stop is based on reasonable suspicion if the officer is

3

aware of specific articulable facts, together with rational inferences from those facts, that, when judged objectively, would lead a reasonable person to believe criminal activity occurred or was occurring." (internal quotation marks and citation omitted)). To the extent Defendant relies on *City of Roswell v. Hudson*, 2007-NMCA-034, 141 N.M. 261, 154 P.3d 76, *Hudson* does not support Defendant's argument. [Id.] To the contrary, *Hudson* supports this Court's proposed conclusion that reasonable suspicion is evaluated on an objective basis. *Id.* ¶ 15. Moreover, to the extent Defendant relies on *State v. Bedolla*, 111 N.M. 448, 806 P.2d 588 (Ct. App. 1991), and *State v. Flores*, 1996-NMCA-059, 122 N.M. 84, 920 P.2d 1038, Defendant provides no explanation as to why these cases require reversal. *See State v. Ibarra*, 116 N.M. 486, 489, 864 P.2d 302, 305 (Ct. App. 1993) ("A party opposing summary disposition is required to come forward and specifically point out errors in fact and/or law."). Further, after review of *Bedolla* and *Flores* this Court concludes that Defendant's reliance on these cases is unavailing.

**Police-Team Exception**

Defendant contends that the trial court erred in applying the police-team exception to the misdemeanor-arrest rule. In this Court's calendar notice, we pointed out that Defendant appeared to be arguing that because there was no exigency or cooperative police effort to support use of the police-team exception, there was no

4

probable cause for Defendant's arrest. Specifically, we noted that Defendant appeared to be arguing that because the officer conducting the DWI investigation did not observe Defendant driving her vehicle, Defendant's arrest was illegal.

In response to Defendant's argument, this Court relied on *State v. Lyon*, 103 N.M. 305, 308, 706 P.2d 516, 519 (Ct. App. 1985), to propose to conclude that the police-team exception was properly applied in Defendant's case. We noted that in *Lyon*, this Court considered whether the police-team exception should apply to allow a misdemeanor arrest for DWI where the arresting officer did not observe the defendant driving. *Id.* at 307, 706 P.2d at 518. There, the officer had observed the defendant driving with an open container, stopped the defendant, and cited him. *Id.* Because the officer "could not transport [the] defendant in the canine unit vehicle and expose [the] defendant to danger from the dog, and also because he needed to remain free to service the canine unit," he radioed for assistance. *Id.* The officer conveyed information relating to his interaction with the defendant to the officer who responded from the DWI unit, the responding officer conducted field sobriety tests, and the responding officer arrested the defendant. *Id.*

In response, Defendant cites to this Court's recent opinion in *State v. Mitchell*, 2010-NMCA-059, __ N.M. __, __ P.3d __, and our earlier opinion in *State v. Warren*, 103 N.M. 472, 709 P.2d 194 (Ct. App. 1985), to argue that where one officer passes

the investigation onto another simply because he did not want to finish it there is not collective police work. [MIO 3-4] These cases do not support Defendant's argument. In *Mitchell*, this Court addressed a similar argument. 2010-NMCA-059, ¶ 8. There, we noted that the officer had passed the DWI investigation onto another officer because his primary duty was to patrol the streets and not to perform DWI investigations. *Id.* Thus, we held that the officer's "observations could properly be passed onto [a second officer] to investigate the possibility of DWI." *Id.* We further concluded that the police-team concept was appropriately applied under those circumstances, and there was no basis for suppression of the evidence obtained from the DWI investigation. *Id.*

We agree with Defendant that *Mitchell* applies. We, however, conclude that, like the officer in *Mitchell*, Officer Borunda's primary purpose at the scene was to investigate a domestic disturbance, thus, his observation could be properly transferred to the DWI investigating officer. We therefore conclude that the police-team exception was properly applied in Defendant's case. Accordingly, we affirm.

For the reasons stated in this opinion and in this Court's notice of proposed disposition, we affirm Defendant's conviction.

**IT IS SO ORDERED.**

_____

**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**CELIA FOY CASTILLO, Judge**