This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v. **No. A-1-CA-36918**

**JUAN LOPEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Charles W. Brown, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Dane Eric Hannum, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}    Defendant appeals his convictions for driving while intoxicated and careless driving following on-record review of a judgment and sentence entered by the metropolitan court. [DS 1] As his sole issue on appeal, Defendant challenges the admission of testimony that a police officer properly administered standard field sobriety tests. [DS 2] Our calendar notice proposed to adopt the district court's memorandum opinion in its entirety. [CN 2] That opinion asserted two bases for affirmance of the metropolitan court. First, the district court found that the challenged testimony was properly admitted. [RP 55] And second, the district court held that the challenged evidence could not have resulted in anything more than harmless error, since "even if the testimony were improper, the trial court did not rely upon the evidence in rendering its decision." [Id.] In doing so, the district court cited this Court's opinion in *State v. Hernandez*, 1999-NMCA-105, ¶ 22, 127 N.M. 769, 987 P.2d 1156, in which we held that "the erroneous admission of evidence in a bench trial is harmless unless it appears that the judge must have relied upon the improper evidence in rendering a decision."

{2}    In his memorandum in opposition to summary disposition, Defendant attempts to distinguish *Hernandez* on the basis that the challenged evidence in that case was properly admitted for purposes unrelated to proving guilt. [MIO 5] That distinction, however, has no bearing upon the longstanding rule that improper evidence is

presumed harmless in a bench trial, "unless it appears that the court must have relied on the improper evidence in rendering a decision." *State v. Mitchell*, 2010-NMCA-059, ¶ 12, 148 N.M. 842, 242 P.3d 409; *see also In re Doe*, 1976-NMCA-102, ¶ 19, 89 N.M. 700, 556 P.2d 1176 ("Erroneous admission of evidence is not reversible error in a non-jury proceeding unless it appears that the court must have relied upon such evidence in reaching its decision.").

{3}     Ultimately, it appears that, even if we were to assume that the challenged testimony were inadmissible, the metropolitan court did not rely upon that testimony in any way, and the error alleged by Defendant was harmless. Accordingly, we find no basis upon which to reverse the convictions entered in this case and affirm the sentencing order of the metropolitan court.

{4}     **IT IS SO ORDERED.**


_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**


_____
**J. MILES HANISEE, Judge**


_____
**HENRY M. BOHNHOFF, Judge**

3