This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38045**

**CLAUDIA DAIGLE,**

Plaintiff-Appellant,

v.

**ELDORADO COMMUNITY
IMPROVEMENT ASSOCIATION,
INC., a New Mexico non-profit
corporation,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY
Francis J. Mathew, District Judge**

Claudia Daigle
Santa Fe, NM

Pro Se Appellant

Hayes & Friedman, P.A.
Laurie Ann Longiaru
John P. Hayes
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**VARGAS, Judge.**

**{1}** Plaintiff, a self-represented litigant, appeals the district court's orders denying her Rule 1-060(B)(4) NMRA motion to void and vacate judgment orders for want of jurisdiction, filed January 28, 2019, and granting Defendant's application for attorney fees and costs, filed February 26, 2019. In this Court's notice of proposed disposition,

we proposed to summarily affirm. Defendant filed a memorandum in opposition (MIO), which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** Plaintiff continues to argue in her MIO that her printed name on her complaint does not constitute her signature and she asserts that her failure to sign her complaint rendered the district court without jurisdiction. [MIO 2] However, in support of her continued argument, Plaintiff cites to non-precedential case law which does not stand for the propositions claimed by Plaintiff. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Plaintiff further relies on the federal rules to assert that she was required to personally sign her complaint. [MIO 15] However, Rule 1-011 NMRA has no such requirement. *See* Rule 1-011(A) (stating that a self-represented litigant "shall sign" and defining a "signature" as "an original signature, a copy of an original signature, a computer generated signature, or any other signature as authorized by law"); *cf. State v. Mitchell*, 2010-NMCA-059, ¶¶ 2-4, 148 N.M. 842, 242 P.3d 409 (rejecting a defendant's argument that an arresting officer's original signature is required on a metropolitan court complaint and indicating that definitional language identical to that of Rule 1-011(A) indicates the acceptance of computer-generated signatures in the filing of court documents). Indeed, computer-generated signatures sufficient to satisfy the rule cannot be limited to electronic signatures of attorneys in pleadings filed through the court's electronic filing system, as claimed by Plaintiff [MIO 15], because Rule 1-011 expressly permits self-represented litigants to file pleadings containing computer-generated signatures. *See id.*; *see also* Rule 1-005.2(B)(1) NMRA (requiring self-represented litigants to "continue to file documents through traditional methods" rather than the court's electronic filing system). Plaintiff's assertion that the computer-generated signature she admits having placed on a complaint that she submitted in-person [DS 3; RP 1] and subsequently pursued vigorously somehow deprived the district court of jurisdiction, is wholly without merit.

**{3}** Additionally, as we noted in our notice of proposed disposition, the purpose of Rule 1-011's signature requirement is not to confer jurisdiction, but instead to deter pleading and motions abuses and to assure the courts that such documents are filed in good faith. [CN 6] Thus, even if Plaintiff's printed and typed name did not meet the requirements of a Rule 1-011 signature, it would not constitute an impediment to the district court's exercise of jurisdiction. *See Peoples v. Peoples*, 1963-NMSC-067, ¶¶ 23-24, 72 N.M. 64, 380 P.2d 513 (holding that dismissal of the entire action was not warranted where a complaint was deficient for a number of reasons, including that it was not signed); *Moore v. Nat'l Bank*, 1930-NMSC-115, ¶ 2, 35 N.M. 300, 295 P.424 (holding that the district court was in error in concluding there was no subject matter jurisdiction for lack of a signed complaint in a tax suit); *cf. Mitchell v. Doña Ana Sav. & Loan Ass'n*, 1991-NMSC-007, ¶ 7, 111 N.M. 257, 804 P.2d 1076 (explaining that to decline jurisdiction over an appellant whose name was missing from the case caption but who was "obviously present" "and vigorously pursuing his case," would amount to "an exaltation of form over substance" contrary to the purpose of the rule governing mandatory preconditions to the exercise of appellate jurisdiction). More significantly,

Rule 1-011 expressly allows a party to correct an omitted signature; yet, Plaintiff has made no effort to rectify her claimed signature omission. Plaintiff instead seeks dismissal without prejudice following an adverse judgment. [MIO 22] Thus, to the extent Plaintiff seeks Rule 1-011 sanctions against herself in order to re-litigate her claims, the substance of her conduct not only fails to demonstrate good faith but leaves no other impression than that Plaintiff is engaging in the type of deliberate and willful game-playing and sham procedures that Rule 1-011 refuses to tolerate. *See id.* (allowing the district court to impose appropriate disciplinary or other action for a willful violation of the rule); *cf. State v. Ericksen*, 1980-NMCA-029, ¶ 7, 94 N.M. 128, 607 P.2d 666 (refusing to recognize a district attorney's sham attempts to dismiss and refile its case and requiring the district attorney to either proceed in the re-filed case as though it had never been voluntarily dismissed or face the sanction of dismissal with prejudice).

**{4}**     Regarding the issue of fees and costs, to the extent Plaintiff continues to argue that she was not provided with an opportunity to be heard [MIO 28-31], this issue is without merit. Based on the pleadings, the district court found that Plaintiff's Rule 1-060(B)(4) motion was frivolous and a waste of judicial resources and awarded Defendant its costs and attorney fees incurred in responding to the motion. [3 RP 527-28] As noted in our notice of proposed disposition, the district court provided Plaintiff an opportunity to file a responsive pleading to Defendant's fee application, and Plaintiff chose not to do so. [CN 7] Plaintiff asserts in her MIO that she filed her objection to the fees and costs on February 15, 2019. [MIO 28]. However, Plaintiff's objection was not responsive to the amount or type of costs and fees requested by Defendant and was an attempt to re-litigate the merits of her Rule 1-060(B)(4) motion. As noted in our notice of proposed disposition, at no point did Plaintiff assert below, nor has she asserted on appeal, that the requested costs were not recoverable or the attorney fees were unreasonable. [CN 8] *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{5}**     Plaintiff has not asserted any fact, law, or argument that persuades us that our prior analysis was erroneous. *See Hennessy*, 1998-NMCA-036, ¶ 24. We further note that in our Order on Pending Motions, entered on June 15, 2020, we denied Plaintiff's request to amend her docketing statement, included in her MIO and separately sought by motion. Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

**{6}     IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JACQUELINE R. MEDINA, Judge**