829 P.2d 655

**DONA ANA SAVINGS AND LOAN AS-SOCIATION, F.A., A Federally Chartered Savings and Loan Association, Plaintiff–Appellee,**

v.

**Peggy MITCHELL, Respondent,**

and

**Anthony F. Avallone, Attorney–Appellant.**

No. 12051.

Court of Appeals of New Mexico.

April 30, 1991.

Certiorari Denied July 1, 1991.

Mick I.R. Gutierrez, Miller, Stratvert, Torgerson & Schlenker, P.A. Las Cruces, for Judge James T. Martin.

Anthony F. Avallone, pro se.

## OPINION

BIVINS, Judge.

Anthony Avallone (attorney) appeals the district court's order imposing a $250 fine against him as a sanction for violating SCRA 1986, 1–011 (Cum.Supp.1990) (Rule 11). He raises three issues on appeal: (1) the district court lacked jurisdiction to impose Rule 11 sanctions, claiming that the sanctions proceeding was criminal in nature and no sworn statement or complaint was filed; (2) the findings were flawed for lack of a finding of subjective bad faith and no showing that the findings made were based on proof beyond a reasonable doubt; and (3) extrajudicial bias and prejudice deprived attorney of due process. We affirm.

When this case was first appealed, this court granted the district court's motion to dismiss the appeal for lack of jurisdiction based on a defect in the notice of appeal. The supreme court granted certiorari to review the dismissal and reversed, remanding to this court to consider attorney's appeal on the merits. *Mitchell v. Dona Ana Sav. & Loan Ass'n, F.A.*, 111 N.M. 257, 804 P.2d 1076 (1991). In compliance with that decision, we now consider the merits.

*Background.*

Dona Ana Savings and Loan Association (the Association) sued Peggy Mitchell (Mitchell) to collect on a promissory note. Mitchell retained attorney to represent her, and attorney filed an answer to the complaint.

In the answer, attorney denied the complaint's allegations that Mitchell failed and refused to make any payments due under the terms of the note, that the Association had elected to accelerate all sums secured under the note, that the unpaid principal was $8,034.87, and that late charges had accrued and continued to accrue. The answer also demanded proof of the amount owed.

The Association moved for summary judgment supported by the affidavit of an officer showing, among other things, the amounts due and that no payments had been made by Mitchell on the note. At the hearing on the motion, attorney stated that by filing the answer he was not claiming a meritorious defense, only that he wanted proof of the amount owed. He also indicated to the district court that a petition for bankruptcy would be filed on behalf of Mitchell by the end of the week, so not much would be accomplished at the summary judgment hearing.

On its own motion, the district court concluded the answer violated Rule 11 and assessed a fine of $250 against attorney. When the form of judgment was presented, attorney objected to the portion imposing sanctions and requested a hearing. He did not object to the award of judgment in favor of the Association. Judgment was then entered granting the Association summary judgment against Mitchell but reserving for another hearing the "issue as to whether the defendant's answer was frivolous and filed for the purpose of delay, and whether sanctions should be imposed." The district court issued a written order directing attorney to show cause why he should not be subjected to disciplinary ac-

578

tion under Rule 11. That order was not accompanied by a sworn complaint.

A hearing was held on the order to show cause and, after requested findings of fact and conclusions of law had been submitted, the district court filed its decision and an order imposing sanctions on attorney. At the hearing, the district court judge remarked that attorney was always skirting the rules of procedure and ethics and that he had discussed attorney with another district judge who felt the same way.

## I. *Jurisdiction to Impose Sanctions.*

■ Relying on *State ex rel. Simpson v. Armijo,* 38 N.M. 280, 31 P.2d 703 (1934), and *Lindsey v. Martinez,* 90 N.M. 737, 568 P.2d 263 (Ct.App.1977), attorney argues that the district court lacked jurisdiction because punishment by fine makes the proceeding criminal in nature and he was not provided a sworn, written statement of the charges as required for criminal contempt proceedings under SCRA 1986, 5–201(B). We reject this contention.

The imposition of a fine on an attorney under Rule 11, payable to the court, presents a case of first impression in New Mexico. Fines penalizing attorneys have frequently been held to be appropriate under the analogous federal rule. Annotation, *Comment Note—General Principles Regarding Imposition of Sanctions under Rule 11, Federal Rules of Civil Procedure,* 95 A.L.R.Fed. 107, § 9[b] (1989). Under the federal rule, appropriate sanctions for Rule 11 violations include reprimand, fines levied against the attorney or his client, notification of the disciplinary board, and the award of attorney's fees and costs to the opposing party. *See generally id.;* W. Schwarzer, *Sanctions Under the New Federal Rule 11—A Closer Look,* 104 F.R.D. 181 (1985). Although the federal rule differs in part from our Rule 11 in certain respects, we think it is clear that both versions permit the imposition of a fine as a sanction in appropriate cases.

While it is correct that some federal courts, in dealing with the comparable federal rule, have held that fines imposed under Rule 11 are essentially analogous to those imposed for criminal contempt, *see* 2A J. Moore, J. Lucas & G. Grotheer, Jr., *Moore's Federal Practice,* ¶ 11.02[4], text at n. 5 (2d ed. 1990) (hereinafter *Moore's* ), attorney has not cited us to any authority, and we have found none, that requires service of a sworn statement. Moreover, the authority of federal cases requiring criminal contempt proceedings when fines for Rule 11 violations are imposed has been criticized. *Donaldson v. Clark,* 786 F.2d 1570 (11th Cir.1986), cited in *Moore's* and relied upon by defendant and other federal circuits, *see, e.g., Cotner v. Hopkins,* 795 F.2d 900 (10th Cir.1986) (also cited in *Moore's* ); *Cheek v. Doe,* 828 F.2d 395, 397 n. 2 (7th Cir.), *cert. denied,* 484 U.S. 955, 108 S.Ct. 349, 98 L.Ed.2d 374 (1987), was subsequently vacated, *see Donaldson v. Clark,* 794 F.2d 572, (11th Cir.1986) and then reheard en banc. *See Donaldson v. Clark,* 819 F.2d 1551 (11th Cir.1987).

On rehearing, the appellate court held that it is not necessary for a court to follow the procedures required in criminal contempt proceedings for every case involving Rule 11 sanctions, even where monetary sanctions are imposed. *Donaldson v. Clark,* 819 F.2d at 1559. Policy considerations and fundamental differences between a monetary sanction for a Rule 11 violation and an infraction for criminal contempt mandate against following criminal contempt procedures for Rule 11 violations. A Rule 11 sanction is imposed when an attorney has unjustifiably failed to carry out a responsibility as an officer of the court, whereas an infraction for criminal contempt, for which both attorneys and members of the public can become liable, is an affront to the authority of the court. The power to impose Rule 11 sanctions springs from a different source than does the power to punish for criminal contempt. *See id.* at 1558–59; *see also* 18 U.S.C. § 401 (1988) (court's criminal contempt power is limited to three instances). To uniformly follow criminal contempt procedures whenever contemplating imposing Rule 11 sanctions would, by increasing litigation, without corresponding benefit, be counterproductive to the goals of Rule 11. *Donaldson v. Clark,* 819 F.2d at 1559; *see also Mathews v.*

*Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) (enunciating principles of due process).

Determining what process is due in a Rule 11 case simply requires an application of familiar principles of due process. *Donaldson v. Clark,* 819 F.2d at 1558. Due process requires an evaluation of all the circumstances and an appropriate accommodation of the competing interests involved. *Rivera v. Brazos Lodge Corp.,* 111 N.M. 670, 808 P.2d 955 (1991). Competing interests in a Rule 11 situation:

> include but are not limited to: the interests of attorneys and parties in having a specific sanction imposed only when justified; the risk of an erroneous imposition of sanctions under the procedures used and the probable value of additional notice and hearing; and the interests of the court in effectively monitoring the use of the judicial system and the fiscal and administrative burdens that additional procedural requirements would entail.

*Donaldson v. Clark,* 819 F.2d at 1558.

■ Due process requires that the attorney be given notice of the imposition of Rule 11 sanctions, may require specific notice of the reasons for the imposition of sanctions, and mandates that the accused be given an opportunity to respond. *Donaldson v. Clark,* 819 F.2d at 1559–61. The existence of Rule 11 gives notice of the requirement and the possibility of sanctions.

■ In the case before us, the district court gave attorney notice of the essential facts in open court at the summary judgment proceeding. When attorney objected to the judgment which included the sanction, the court also gave him notice through the order to show cause, which afforded attorney not only the essential facts but also notice and an opportunity to be heard. We believe attorney was afforded all the process he was due. *See McCoy v. New Mexico Real Estate Comm'n,* 94 N.M. 602, 614 P.2d 14 (1980) (due process embodies reasonable notice and the opportunity to be heard); *Donaldson v. Clark,* 819 F.2d at 1559–61; *see also In re Avallone,* 91 N.M. 777, 778, 581 P.2d 870, 871 (1978) (where court's records show whether a fact of filing was or was not accomplished, affidavit not required to support a show cause order).

■ We do not deem it necessary to require district courts to file sworn statements as long as the essential facts are made known to the attorney, he is given adequate time to prepare a defense, and notice and opportunity to be heard. As Professor Moore indicates, a court imposing sanctions under Rule 11 has the discretion to decide the procedure to be followed. *Moore's,* ¶ 11.02[4], text at n. 1. In order to restrict costs connected with these collateral proceedings, the district court should make its decisions as to sanctions based on information contained in the record. *Id.,* text at n. 2; *see also Donaldson v. Clark,* 819 F.2d at 1558 ("The specific dictates of due process will be determined by the interaction of several factors").

We also note that attorney apparently did not complain to the district court about the lack of a sworn statement or lack of notice of the essential facts giving rise to the sanction. In fact, attorney's objection to the form of judgment establishes that he was aware of the essential facts.

## II. *Judicial Bias.*

Attorney contends that the district court's extrajudicial remarks about the attorney's frequent violation of procedural rules and a similar opinion expressed by another judge should disqualify the district court due to bias and prejudice. We will not dwell on this issue. Suffice it to say that based on our review of the record, we are satisfied the district court based its decision solely on Rule 11 violations and nothing more.

## III. *Flawed Findings.*

■ Attorney lodges two claims with regard to the findings made by the district court. The first is that they do not reflect a standard of proof beyond a reasonable doubt. We note that the leading cases addressing Rule 11 violations make no

580

mention of a requirement of proof beyond a reasonable doubt. *See, e.g., Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990); *Donaldson v. Clark; Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866 (5th Cir.1988). Without deciding whether due process requires the highest standard of proof, we hold the essential facts before the court met that proof. Attorney did not deny he signed the pleading or that he read it. He interrupted the Association's presentation at the summary judgment proceeding to announce that not much would be accomplished since a petition for bankruptcy would be filed on behalf of Mitchell by the end of the week. This demonstrated that the pleading was filed for the purpose of delay. As to the good grounds to support denial of the Association's complaint, attorney conceded there was no meritorious defense. Based on the pleadings and admissions, the district court could find a Rule 11 violation.

■ Second, attorney argues that there was no evidence of subjective bad faith. *See generally Cherryhomes v. Vogel*, 111 N.M. 229, 804 P.2d 420 (Ct.App.1990), for a discussion of difficulties encountered by federal court with pre–1983 Federal Rule 11. We have no such difficulty here. In *Business Guides v. Chromatic Communications Enterprises*, 498 U.S. 533, 111 S.Ct. 922, 112 L.Ed.2d 1140 (1991), the United States Supreme Court adopted an objective standard for determining whether sanctions can be imposed. *Id.* 498 U.S. at ——, 111 S.Ct. at 924, 112 L.Ed.2d at 1147. The New Mexico rule lacks the phrase "after reasonable inquiry" emphasized in *Business Guides*, and thus we do not interpret the New Mexico rule the same way.[1] Although we agree with attorney that the requirement in our Rule 11, that the violation must be determined to be *"willful"* before a sanction may be imposed, requires subjective evidence of willfulness, we hold

attorney's own voluntary admission as to why he denied the complaint suffices to show a willful violation.

Attorneys should not use pleadings to gain unfair tactical advantages or to delay the process. As the district court noted, by denying the allegations when Mitchell told attorney she owed more than the amount of the note and not inquiring of her as to whether she had made any payment, attorney put the Association to the expense of needlessly having to obtain an affidavit, file a motion, and argue for a summary judgment. In the case at bar, what appears improper about the conduct of attorney is not that he lacked sufficient knowledge to support the allegations of the complaint, but that he actually possessed legal and factual knowledge contrary to the allegations. *See Rivera v. Brazos Lodge Corp.* Additionally, the proceeding took up valuable court time. While it would not have corrected the pleading, the district court's comments suggest sanctions might have been avoided had attorney simply alerted the district court in advance of the hearing that Mitchell had no defense and requested the hearing on summary judgment be canceled.

If attorney's claim is that the district court failed to make a specific finding of bad faith, we reject that contention as well since the district court's finding, conclusions of law and order imposing sanctions cover the essential factors, and we conclude that attorney willfully violated Rule 11.

■ While we have answered attorney's specific challenges to the district court's findings, we note that the standard of review for a Rule 11 sanction is for abuse of discretion, not substantiality of the evidence. *Cherryhomes v. Vogel.* Of course, a discretionary act is usually based on facts. We were benefitted here with findings and conclusions, as required in Rule 11

1. As previously observed by this court in *Cherryhomes,* the language of New Mexico's version of Rule 11 differs from the wording of the present federal rule. Among other things, New Mexico provides, *"For a willful violation of this rule an attorney or party may be subjected to appropri-* *ate disciplinary or other action. Similar action may be taken if scandalous or indecent matter is inserted."* (Emphasis added). The italicized language does not appear in the present federal rule.

determinations. *See Rivera v. Brazos Lodge Corp.* Under the proper standard, we find no abuse of discretion.

*Conclusion.*

The district court's imposition of a $250 fine against attorney for the Rule 11 violation is affirmed.

IT IS SO ORDERED.

DONNELLY and MINZNER, JJ., concur.