This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38081

**LLOYD BLOODWORTH and SUSAN BLOODWORTH,**

Plaintiffs-Appellants,

v.

**BARBARA J. STAERKEL and BERKSHIRE HATHAWAY HOMESERVICES LYNCH REALTY,**

Defendants-Appellees,

and

**WILLIE MULLER a/k/a WILLIAM MUELLER,**

Defendant.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Angie K. Schneider, District Judge**

William N. Griffin
Ruidoso, NM

for Appellants

Adam D. Rafkin, P.C.
Adam Daniel Rafkin
Ruidoso, NM

for Appellees

### MEMORANDUM OPINION

**WRAY, Judge.**

**{1}** In this appeal, Lloyd and Susan Bloodworth (Plaintiffs) raise a number of issues pertaining to the district court's grant of summary judgment in favor of Defendants Barbara Staerkel and Berkshire Hathaway Homeservices Lynch Realty (BHHLR) (collectively, Defendants)[1] and to the post-judgment Rule 1-011 NMRA sanctions imposed by the district court. We affirm.

## BACKGROUND

**{2}** This memorandum opinion is issued solely for the benefit of the parties. Given the parties' presumed familiarity with the factual background and proceedings in this case, we limit our factual discussion to that necessary to resolve the issues presented by this appeal.

**{3}** In May 2014, Staerkel entered into a property management agreement with Prudential Lynch Realty for property maintenance and repairs, and tenant management. The agreement contained a "Hold Harmless Clause," which required the "Owner," in this case, Staerkel, to indemnify the company. It appears that sometime after this agreement with Staerkel, Prudential Lynch Realty became BHHLR. BHHLR hired Muller to clear trees and brush from the Staerkel property. In February 2016, Muller ignited a slash pile on the Staerkel property, which grew out of control and spread onto Plaintiffs' property, destroying foliage and damaging several acres of land. Afterward, Muller was charged and pleaded guilty to one count of improper handling of a fire, contrary to NMSA 1978, Section 30-17-1 (1963).

**{4}** In September 2017, Plaintiffs filed suit for negligence and damages in the district court. Defendants each moved for summary judgment and argued that they had no liability because Muller was an independent contractor. After a hearing, the district court granted both motions (MSJ Order). The district court determined that the evidence presented on summary judgment showed that Defendants had no control over the details of Muller's work. Plaintiffs filed a motion to reconsider, which was denied in August 2018 (MTR Order).

**{5}** Months later and unbeknownst to Defendants Staerkel and BHHLR, Plaintiffs submitted a stipulated judgment to the district court, which the court signed and entered on December 18, 2018 (2018 Judgment). The 2018 Judgment initially declared that the matter came before the district court "as the result of compromise negotiations between the Plaintiffs and Defendant Willie Muller, the parties having reached a compromise resolution to their dispute." In subsequent paragraphs, the 2018 Judgment included the following language: "The remaining parties to the action have agreed to compromise the claims of the Plaintiffs in favor of a [s]tipulated [j]udgment for Plaintiffs against *all three* Defendants for a determined amount in damages." (Emphasis added.) In the closing paragraphs, after the words "IT IS HEREBY ORDERED, ADJUDGED AND DECREED,"

---

1A third defendant in the district court, William Muller, has not filed a brief in this appeal and throughout this opinion, references to "Defendants" expressly exclude Muller. We further note that, according to the answer in district court, Defendant's full name is William E. Muller, and we refer to him as "Muller" even though early pleadings identify him as Willie Muller (a/k/a William Mueller).

the 2018 Judgment proclaimed that "*Defendants* are liable for the Plaintiffs' damages, as the result of negligence." (Emphasis added.)

**{6}** Three days later, Defendants filed a motion to vacate the 2018 Judgment, asserting that in relevant part, the 2018 Judgment appeared to enter judgment against Defendants without their approval and despite the earlier summary judgment ruling in their favor. Defendants sought sanctions by way of attorney fees under Rule 1-011. In its order vacating the 2018 Judgment (Rule 1-011 Order), the district court awarded Rule 1-011 sanctions against Plaintiffs, in the form of attorney fees and costs associated with the motion to vacate. We will further develop additional factual and procedural background as necessary to resolve the issues presented by this appeal.

## DISCUSSION

**{7}** On appeal, Plaintiffs contend that the district court (1) improperly granted summary judgment and denied the motion to reconsider; and (2) abused its discretion in awarding Rule 1-011 sanctions against Plaintiffs' attorney. Defendants maintain that Plaintiffs' appeal is untimely. We first address whether the appeal was timely, which, as we explain, is related to Plaintiffs' contention that after summary judgment was granted, Defendants lost standing and were required to intervene or move for joinder in order to challenge the 2018 Judgment.

## I. Timeliness of Appeal and Defendants' Standing

**{8}** Defendants argue that this appeal is untimely because the MTR Order fully disposed of the case as to Staerkel and BHHLR and was final and appealable on August 3, 2018, and as a result, Plaintiffs' decision to wait to appeal until January 2019 rendered the appeal untimely. We address de novo whether the MTR Order was final and triggered the time to file an appeal. *See Santa Fe Pac. Tr., Inc. v. City of Albuquerque*, 2012-NMSC-028, ¶ 10, 285 P.3d 595 ("Finality is a question of law we review de novo. . . . Appellate courts are responsible for determining whether an order is final for purposes of jurisdiction, regardless of the parties' or the [district] court's beliefs.").

**{9}** Generally, "[a]n order is final when all issues of law and fact have been determined and the case is disposed of by the district court to the fullest extent possible." *In re Adoption of Homer F.*, 2009-NMCA-082, ¶ 9, 146 N.M. 845, 215 P.3d 783. In cases with multiple claims or multiple parties, the district court may, in its discretion, enter a final judgment "about one or more, but fewer than all, claims or parties, only if the court expressly finds no just reason for delay." Rule 1-054(B) NMRA; *see also Roselli v. Rio Cmtys. Serv. Station, Inc.*, 1990-NMSC-018, ¶ 11, 109 N.M. 509, 787 P.2d 428 (stating that the district court "has discretion to determine whether just reason for delay exists"). Rule 1-054(B), in pertinent part, states:

> Otherwise, any order or other decision, however designated, that
> adjudicates . . . the rights and liabilities of fewer than all the parties, does

not end the action for any of the claims or parties, and may be revised at any time before the entry of a judgment adjudicating . . . all the parties' rights and liabilities.

Defendants cite *Luevano v. Group One*, 1989-NMCA-061, ¶ 8, 108 N.M. 774, 779 P.2d 552, to argue that the MTR Order was final because "[t]here was no claim left to try as against these Defendants[, and t]he only claim remaining was the claim . . . against . . . Muller." The *Luevano* Court, however, did not consider the finality of an order that dismissed fewer than all of the parties. *See id.* ¶ 8. In the present case, Plaintiffs' claims against Muller remained to be tried after the entry of the MTR Order. Neither the MSJ Order nor the MTR Order contained the express determination required by Rule 1-054(B). Absent that express determination, the MTR Order was not a final, appealable order. It was not until judgment was entered against all of the parties, in the 2018 Judgment, that all of Plaintiffs' claims against all of the parties were resolved. *See Luevano*, 1989-NMCA-061, ¶ 8. Accordingly, we conclude that the appeal taken from the 2018 Judgment was not untimely.

**{10}**   Rule 1-054(B) also resolves Plaintiffs' contention that Defendants were no longer parties after the entry of the MSJ Order and the MTR Order and therefore lacked standing to object to the 2018 Judgment such that they were required to either intervene or move to join the case again. Rule 1-054(B) makes clear that if the district court directs entry of judgment for some—but not all—parties, but does not "expressly find[ that there is] no just reason for delay," an order "does not end the action for any of the claims or parties." Neither the MSJ Order nor the MTR Order directed entry of a final judgment as to Defendants and neither order stated there was "no just reason for delay." *See id.* Plaintiffs' action did not end for Defendants because no final judgment was entered regarding Defendants. As a result, Defendants remained parties and were not required to intervene in order to object to the 2018 Judgment. Threshold issues resolved, we consider Plaintiffs' arguments regarding summary judgment and the motion to reconsider.

## II.     Summary Judgment and Motion to Reconsider

**{11}**   Plaintiffs contend that the district court (1) considered inadmissible evidence in support of summary judgment, (2) should have additionally included Muller's answer as evidence opposing summary judgment, and (3) should have considered the affidavit Muller signed in 2018 (2018 Affidavit) in support of Plaintiffs' motion to reconsider. We evaluate each contention in turn but first briefly address Plaintiffs' argument that potential conflicts of interest should have prevented summary judgment.

**{12}**   Plaintiffs argue that the district court should not have granted summary judgment "without first resolving the apparent conflict of interest" arising from Defendants' counsel representing both Staerkel and BHHLR. Plaintiffs claim that the district court "should not have allowed" Defendants' counsel to represent both BHHLR and Staerkel, because BHHLR raised as a defense Staerkel's indemnification obligation from the original property management agreement. Defendants argue this issue was not preserved, and

we agree. Plaintiffs filed no motion to disqualify Defendants' counsel,[2] and did not invoke a ruling from the district court on whether any conflict existed or created a material issue of fact to avert summary judgment. Rule 12-321(A) NMRA ("To preserve an issue for review, it must appear that a ruling or decision by the [district] court was fairly invoked."). Plaintiffs did not preserve the issue. We consider the matter no further and take up Plaintiffs' challenges to the grant of summary judgment.

**{13}** With respect to summary judgment, Plaintiffs contend that the district court considered inadmissible evidence and failed to consider other available evidence. Specifically, (1) Plaintiffs challenge the admissibility of two of Defendants' exhibits in support of summary judgment, and (2) Plaintiffs maintain the district court incorrectly refused to consider Muller's late-filed answer as evidence opposing summary judgment. We do not address Plaintiffs' evidentiary arguments, because Defendants' third exhibit alone (Exhibit C), which was unrebutted by Plaintiffs, was sufficient to support summary judgment in the present case. We explain.

**{14}** Orders granting summary judgment are reviewed de novo. *See Smith v. Durden*, 2012-NMSC-010, ¶ 5, 276 P.3d 943. The district court granted summary judgment based on Defendants' argument that Muller was an independent contractor of BHHLR and that BHHLR was not liable for Muller's negligence because it had no right to control his work. Generally, an employer is not liable for the negligence of an independent contractor, unless "the employer controls the premises on which the work is being performed or where the employer retains control over the independent contractor's performance of its work." *Sherman v. Cimarex Energy Co.*, 2014-NMCA-026, ¶ 8, 318 P.3d 729. Whether a worker is an independent contractor is determined by "whether the principal exercised sufficient control over the agent to hold the principal liable for acts of the agent." *Korba v. Atl. Circulation, Inc.*, 2010-NMCA-029, ¶ 5, 148 N.M. 137, 231 P.3d 118 (internal quotation marks and citation omitted). Defendants' Exhibit C is evidence that (1) Muller was an independent contractor, (2) BHHLR had no right to control his work, and (3) BHHLR waived its right to indemnification against Staerkel. Exhibit C therefore establishes a prima facie case for summary judgment. Plaintiffs admittedly offered nothing to rebut Defendants' evidence and, to the extent they argue that they had little tangible evidence at the time of the summary judgment hearing, they did not seek to obtain additional discovery under Rule 1-056(F) NMRA. *See Glenborough Corp. v. Sherman & Howard*, 1996-NMCA-005, ¶ 9, 121 N.M. 253, 910 P.2d 329 ("A party opposing summary judgment may not merely argue that facts requiring a trial on the merits may exist or rest upon the allegations of the complaint."); *see also Romero v. Giant Stop-N-Go of N.M., Inc.*, 2009-NMCA-059, ¶ 18, 146 N.M. 520, 212 P.3d 408 (requiring a party who seeks a stay for additional time and discovery to submit an affidavit and "specifically demonstrate how postponement of a ruling on the motion will

---

2In response to the summary judgment motions, Plaintiffs referred to a potential conflict and warned that if the conflicts were permitted, "finger-pointing will start to create a whirlpool effect" to avoid liability. Plaintiffs' counsel pointed out a "potential conflict" at the summary judgment hearing but did not request a ruling from the district court on the conflict.

enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact" (internal quotation marks and citation omitted)).

**{15}** Next, Plaintiffs maintain that the district court should have considered Muller's late-filed answer to deny the summary judgment motion or should have "offered Muller a chance to speak." After the close of the summary judgment briefing but approximately a month before the hearing, Muller filed a pro se answer to the complaint, which set forth some additional facts. Plaintiffs do not identify on appeal what, if anything, in Muller's answer could be read to create a disputed issue of fact for purposes of summary judgment. *See Elane Photograph, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("It is of no benefit either to the parties or to future litigants for this Court to promulgate case law based on our own speculation rather than the parties' carefully considered arguments."). Plaintiffs further identify no part of the record in which they asked the district court to consider the answer before ruling on summary judgment or in which the district court denied Muller the opportunity "to speak." Plaintiffs do not identify an erroneous ruling by the district court pertaining to Muller's answer or any opportunity for him to testify. *See* Rule 12-321(A); *see also State v. Clements*, 2009-NMCA-085, ¶ 19, 146 N.M. 745, 215 P.3d 54 ("This Court will not search the record to find whether an issue was preserved where [the party does] not refer this Court to appropriate [record] references."). We therefore reject Plaintiffs' arguments regarding the district court's grant of summary judgment in favor of Defendants.

**{16}** Plaintiffs additionally argue that the district court should have granted Plaintiffs' motion to reconsider based on the 2018 Affidavit, which Plaintiffs submitted after the MSJ Order was entered. District courts have "considerable discretion to reconsider summary judgment." *In re Estate of Keeney*, 1995-NMCA-102, ¶ 12, 121 N.M. 58, 908 P.2d 751. A district court acts within its discretion to refuse to consider additional materials on a motion to reconsider "where the party opposing summary judgment presented evidence for the first time in a motion to reconsider even though the evidence was available at the time the party filed its response to the motion." *Wilde v. Westland Dev. Co.*, 2010-NMCA-085, ¶ 35, 148 N.M. 627, 241 P.3d 628; *see also Nance v. L.J. Dolloff Assocs., Inc.*, 2006-NMCA-012, ¶ 24, 138 N.M. 851, 126 P.3d 1215 ("In prior cases we have affirmed a [district] court's refusal to consider new material presented for the first time in a motion to reconsider."). The district court did not abuse its discretion by declining to consider the 2018 Affidavit as part of the motion to reconsider.

**{17}** The 2018 Affidavit stated that Muller had worked for BHHLR since approximately 2011, and Cindy Lynch directed the manner of his work, which included using fire to clear the Staerkel property. At the motion to reconsider hearing, Plaintiffs stated that Muller did not appear until a month before the summary judgment hearing and Plaintiffs did not necessarily "have time to process what he was going to say—from the Plaintiffs' perspective, we did not know what he was going to say." Plaintiffs admitted that the district court probably correctly granted summary judgment, because Plaintiffs had a "dearth of evidence," but nevertheless urged the district court to consider the 2018 Affidavit. Plaintiffs did not explain why they did not contact Muller after the answer was filed but before the summary judgment hearing or ruling, why they did not ask for

additional time at the summary judgment hearing to interview Muller after he appeared, or why they did not file a Rule 1-056(F) affidavit after the hearing but before the MSJ Order was entered. Under these circumstances, the district court did not abuse its discretion in refusing to consider the 2018 Affidavit in support of Plaintiffs' motion to reconsider. *See Wilde*, 2010-NMCA-085, ¶¶ 33-38 (finding the district court did not abuse its abuse of discretion by refusing to consider evidence that was available before summary judgment was granted).

## III.    Rule 1-011 Sanctions

**{18}**    Last, Plaintiffs contend that the district court abused its discretion when it ordered Plaintiffs' counsel to personally pay attorney fees as a Rule 1-011 sanction for (1) submitting the 2018 Judgment as a "stipulated" order when all parties had not stipulated, and (2) including language that held Defendants "liable" for an amount of money even though the district court had granted summary judgment in their favor. As Plaintiffs note, generally, we review for abuse of discretion the district court's imposition of Rule 1-011 sanctions. *Rangel v. Save Mart, Inc.*, 2006-NMCA-120, ¶ 12, 140 N.M. 395, 142 P.3d 983. "An abuse of discretion will be found when the [district] court's decision is clearly untenable or contrary to logic and reason." *Rivera v. Brazos Lodge Corp.*, 1991-NMSC-030, ¶ 16, 111 N.M. 670, 808 P.2d 955. Rule 1-011(A) provides that "[t]he signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief there is good grounds to support it." Plaintiffs' counsel argues that the sanction was improper because he was not afforded due process, and the district court abused its discretion in the application of Rule 1-011. We first address notice.

## A.    Plaintiffs' Counsel Received Adequate Notice

**{19}**    Our Supreme Court has explained that Rule 1-011 sanctions "should be levied only if the mandates of procedural due process are obeyed." *Rivera*, 1991-NMSC-030, ¶ 23. The extent of the specific due process protections required "is necessarily flexible to cover varying situations" and the "timing and content of the notice and the nature of the hearing will depend upon an evaluation of all the circumstances and an appropriate accommodation of the competing interests involved." *Id.* ¶¶ 23-24 (internal quotation marks and citation omitted). An attorney must be given "notice of the imposition of Rule [1-011] sanctions" and due process "may require specific notice of the reasons for the imposition of sanctions, and mandates that the accused be given an opportunity to respond." *Doña Ana Sav. & Loan Ass'n, F.A. v. Mitchell*, 1991-NMCA-054, ¶ 13, 113 N.M. 576, 829 P.2d 655. Plaintiffs' counsel argues he received insufficient notice that he could face sanctions for submitting for entry the 2018 Judgment. A review of the record, however, indicates that Defendants' motion to vacate and the reply explicitly requested the district court to impose Rule 1-011 sanctions by way of attorney fees incurred in seeking to vacate the 2018 Judgment. Plaintiffs' counsel had an opportunity to respond to the motion to vacate in writing. Moreover, Plaintiffs' counsel had the opportunity to be heard at two hearings, the first on January 4, 2019, and again on April 9, 2019. At both

hearings, Plaintiffs' counsel referred to the request for sanctions and outlined his reasoning for submitting the 2018 Judgment. Under these circumstances, we conclude that Plaintiffs' counsel received sufficient procedural due process to defend himself against Defendants' request for Rule 1-011 sanctions.

**B.     The District Court Did Not Abuse Its Discretion in Imposing Rule 1-011 Sanctions**

**{20}**    Plaintiffs' counsel additionally contends that (1) he had good grounds to submit the 2018 Judgment, (2) Rule 1-011 does not authorize a sanction of attorney fees, and (3) the district court failed to make required express findings. Under the circumstances of this case, the district court did not abuse its discretion in imposing Rule 1-011 sanctions, because Plaintiffs' counsel did not establish good grounds for submitting the 2018 Judgment, attorney fees are an appropriate Rule 1-011 sanction, and the Rule 1-011 Order was sufficiently detailed. We begin by examining the "good-ground requirement" and Plaintiffs' counsel's explanation for the 2018 Judgment.

**{21}**    The good-ground requirement is a subjective standard that turns on what the attorney "knew and believed at the relevant time" and inquires whether the "attorney was aware that a particular pleading should not have been brought." *Air Ruidoso, Ltd. v. Exec. Aviation Ctr., Inc.*, 1996-NMSC-042, ¶ 15, 122 N.M. 71, 920 P.2d 1025 (internal quotation marks and citation omitted). Subjective standard notwithstanding, "[g]ood ground simply cannot exist as to any alleged proposition known to be false at the time of the filing." *Rivera*, 1991-NMSC-030, ¶ 18.

**{22}**    Counsel has articulated his subjective intent as follows: "to assure . . . Muller that he would not be singled-out for collection, unless, after appeal, he was left alone in liability." The evidence suggests to the contrary. Although the 2018 Judgment does not conceal the entry of summary judgment in Defendants' favor, the 2018 Judgment assigns liability, in a particular total amount, to all three Defendants. Counsel acknowledged that the references to multiple Defendants—and not just Muller—was intentional, but argued that his clients would not collect the 2018 Judgment. This assurance is of little comfort. Counsel knew that the MSJ Order and the MTR Order had been entered but nevertheless submitted an order with the following language: "The remaining parties to the action have agreed to compromise the claims of the Plaintiffs in favor of a Stipulated Judgment for Plaintiffs against all three Defendants for a determined amount in damages." The 2018 Judgment stated that "Plaintiffs and Defendant Muller stipulate to a judgment in . . . Plaintiffs' favor, and against all of the culpable Defendants of $30,000, to accrue interest at 8.5% per annum from the date of this judgment." Contrary to counsel's stated intent, the 2018 Judgment made assertions that were not contingent on the outcome of an appeal.

**{23}**    Counsel's subjective intent was to submit an order to the district court for entry that imposed financial liability on Defendants who had already been granted summary judgment, with the hope that the district court's summary judgment ruling in Defendants' favor would be reversed on appeal. As the district court explained, there is a difference

between the right to appeal the summary judgment ruling and "crafting a judgment that ignores [the court's] ruling." Counsel failed to establish good ground for submitting the 2018 Judgment for entry by the district court.

**{24}** Counsel's remaining arguments also fail. Despite the contention that the rule does not support the imposition of a monetary sanction, Rule 1-011 "permit[s] the imposition of a fine as a sanction in appropriate cases." *Mitchell*, 1991-NMCA-054, ¶ 9; *see also Bernier v. Berner ex rel. Bernier*, 2013-NMCA-074, ¶¶ 25-26, 305 P.3d 978 (considering a Rule 1-011 sanction and explaining that "a court may impose sanctions, in the form of attorney fees"). Nothing suggests, further, that a "specific" or express finding of willfulness is required to impose sanctions. "For Rule 1-011 sanctions to be appropriate, there must be subjective evidence that a willful violation has occurred." *Rangel*, 2006-NMCA-120, ¶ 11 (internal quotation marks and citation omitted). The subjective evidence, which we have already reviewed, supported a finding of willfulness and imposition of a sanction of attorney fees. The record, and the district court's order and comments at the hearings, indicate that the district court found counsel's actions to be willful. *See id.* ¶ 26 (considering the record and indications from the district court regarding willfulness determinations). Based on these facts, we conclude that the district court did not abuse its discretion in sanctioning counsel, individually.

**CONCLUSION**

**{25}** For the reasons set forth herein, we affirm.

**{26}** **IT IS SO ORDERED.**

**KATHERINE A. WRAY, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**MEGAN P. DUFFY, Judge**