This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38825

**MELANIE MULLENS and
JAZMYN MULLENS,**

      Plaintiffs,

v.

**DOMINO'S PIZZA, LLC; DOMINO'S
PIZZA, INC.; DOMINO'S PIZZA
FRANCHISING, LLC; and PECOS
VALLEY PIZZA, INC. d/b/a DOMINO'S
PIZZA,**

      Defendants-Appellees,

and

**SASHA SEDILLO and FARMERS
INSURANCE COMPANY OF
ARIZONA,**

and

**GEICO INDEMNITY COMPANY,**

      Defendants.

**IN RE THOMAS J. MESCALL, II and
PHILLIP P. BACA,**

      Attorneys-Appellants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Clay Campbell, District Judge**

Madison, Mroz, Steinman, Kenny & Olexy, P.A.

Gregory D. Steinman
Paul M. Cash
Albuquerque, NM

for Appellees

Mescall Law Firm, P.C.
Thomas J. Mescall, II
Phillip Patrick Baca
Albuquerque, NM

for Appellants

**MEMORANDUM OPINION**

**BACA, Judge.**

**{1}** Melanie and Jazmyn Mullens (Plaintiffs) sued Pecos Valley Pizza, Inc., d/b/a Domino's Pizza; Domino's Pizza, LLC; Domino's Pizza, Inc.; Domino's Pizza Franchising, LLC; GEICO; Farmers Insurance Co.; and Sasha Sedillo (collectively, Defendants)[1] for personal injuries they sustained as the result of an automobile accident caused by Sedillo while she was delivering a pizza for Pecos Valley Pizza, a franchisee of Domino's Pizza, Inc. During this litigation, the district court sanctioned Plaintiffs' counsel, Thomas J. Mescall, II, Phillip P. Baca, and the Mescall Law Firm, P.C., for allegedly misrepresenting the holdings of cases they were citing in filings and in court, for allegedly violating the district court's order that they stop referring to Defendants collectively as "the Pizza Defendants," and for seeking perjury charges against Defendants when allegedly there was no good faith basis for such an accusation. The district court fined Plaintiffs' counsel $10,000 and they now appeal the order imposing this sanction. For the reasons that follow, we reverse.

**BACKGROUND**

**{2}** This appeal stems from an automobile accident where Sedillo crashed into Plaintiffs' car. Plaintiffs alleged that Sedillo, an employee of Pecos Valley Pizza, d/b/a Domino's, was speeding to deliver a pizza within a thirty-minute window Domino's allegedly required its employees to meet. The existence of such a policy was a significant point of contention during this litigation. At one point in the litigation, Plaintiffs' counsel urged the district court to find that Defendants had committed perjury by denying the existence of such a policy in answers to interrogatories and pleadings, or maybe "in court."

**{3}** Throughout this litigation, Plaintiffs' counsel also referred to the four Defendants collectively as "Domino's" or "the Pizza Defendants." They continued to do so despite

---

[1]The only defendants that are a party to this appeal are Domino's Pizza, LLC and Pecos Valley Pizza, Inc.

the district court informing them on more than one occasion that they should refrain from doing so because they were confusing the record and may be creating error as a result. On September 25, 2018, after almost two years of litigation, following a hearing on Defendants' motion in limine, the district court ordered Plaintiffs' counsel to refer to Defendants at trial using their proper names.

**{4}** In January of the following year, Plaintiffs moved to compel the "Domino's Defendants" to produce certain evidence,[2] and moved for sanctions against "all four Pizza Defendants" alleging that Defendants had committed perjury by concealing evidence that Domino's, Inc. had reinstated a policy of delivering pizza within thirty minutes.

**{5}** On November 20, 2019, the district court held a hearing on Plaintiffs' motions to compel production of documents and to sanction Defendant. During argument by Plaintiffs' counsel, the district court expressed its belief that—in their motion for sanctions against Defendants and in their argument in support of the same—Plaintiffs' counsel themselves were violating a court order, i.e., the September 25, 2018, order. That order required counsel to refer to the entity Defendants separately at trial to avoid confusing the jury about each Defendants' role in the corporate structure. The district court claimed that counsels' reference to one of Defendants using the plural "they" and an alleged mention of the "Pizza Defendants" violated its order.

**{6}** Plaintiffs' motion sought sanctions against "all four [P]izza Defendants," including GEICO, who was no longer a party to the current lawsuit, as Plaintiffs' claims against GEICO had been dismissed. The district court was unsure whether it had jurisdiction to sanction a former defendant who was no longer a party to the litigation. Plaintiffs' counsel assured the district court that it could sanction parties dismissed from a case years later under the court's inherent authority and cited *Gonzales v. Surgidev Corp.*, 1995-NMSC-047, ¶ 25, 120 N.M. 151, 899 P.2d 594, in support of that proposition. The district court said it would look up *Gonzales* and *Weiss v. THI of New Mexico*, 2013-NMCA-054, ¶ 21, 301 P.3d 875, a case previously mentioned by Plaintiffs' counsel and cited in their motion for sanctions. The district court took a recess to review the case law before ruling on Plaintiffs' motion.

**{7}** Upon its return, the district court denied Plaintiffs' motion to compel and motion for sanctions. Without any request by Defendants for sanctions or any warning to Plaintiffs' counsel, the district court declared that it was fining Plaintiffs' counsel $10,000 because it had reviewed *Weiss*, "a case specifically referenced by [Plaintiffs' counsel]," and "contempt does not appear anywhere" in *Weiss*. The district court said it was fining Plaintiffs' counsel under its inherent authority and power to control judicial proceedings, adding that the "trigger" for its decision was the "misrepresentation" of the *Weiss* case as it is not a contempt case. The district court also rejected Plaintiffs' counsel's characterization of a thirty-minute delivery "guarantee," stating, "That this is your argument, this isn't a fact." The district court stated as a closing thought, "I've raised my

---

2Plaintiffs' counsel filed several motions to compel asking the district court to compel all four Defendants to produce evidence related to Domino's and Pecos Valley Pizza's delivery practices.

voice, lost my cool, and I've ruled against you and you're still doing it. So, $10,000, we'll see how that works. If I see a change in behavior, then that's the end and we'll move on. If not, I'll try a different number." Critically, before imposing this sanction, the district court did not indicate it was contemplating sanctions against Plaintiffs' counsel or provide Plaintiffs' counsel an opportunity to explain their actions or to be heard. The district court ordered counsel for Defendants Domino's Pizza, LLC and Pecos Valley Pizza to draft the order imposing sanctions.

**{8}** On January 21, 2020, the district court issued a written sanctions order citing the court's inherent authority and the New Mexico Rules of Civil Procedure, Rule 1-011 NMRA. In its order, the district court found that Plaintiffs' counsel repeatedly "misstated the factual record, misstated the holdings of various cases and disobeyed the [district c]ourt's order of September [2]5, 2018." The district court also stated that Plaintiffs' motion for sanctions against Defendants lacked merit and their purpose in filing this motion was to gain a procedural advantage. Stating that it was relying on the court's authority under Rule 1-011 and its inherent authority to impose sanctions on attorneys to regulate its docket, promote judicial efficiency, and deter frivolous filings, the district court fined Plaintiffs' counsel $10,000.

**DISCUSSION**

**{9}** In this appeal, Plaintiffs present eight issues for our review. Because we conclude that the district court's failure to provide Plaintiffs' counsel due process before imposing its sanction is dispositive, we reach only that issue and will not address the other issues presented.

**{10}** Plaintiffs' counsel contend that the sanction against them violates their due process rights. Defendants do not respond to this argument. Because the district court failed to give Plaintiffs' counsel notice of the bases for the sanctions and permit Plaintiffs' counsel to explain their actions, or to be heard before the imposition of the sanction, we conclude that the district court violated their right to due process. We explain.

**{11}** The parties dispute whether the district court held Plaintiffs' counsel in contempt or sanctioned counsel. In this case, the failure by the district court to provide Plaintiffs' counsel minimal due process prior to imposition of the sanction is clearly in error such that we need not and will not determine whether the district court sanctioned counsel under Rule 1-011 or its inherent authority, or instead held counsel in contempt (whether civil or criminal). Suffice it to say that the district court's imposition of the $10,000 sanction upon Plaintiffs' counsel without warning them of that possibility and giving them an opportunity to explain their actions or to be heard was error and cannot be sustained on any ground. *See Doña Ana Sav. & Loan Ass'n, F.A. v. Mitchell*, 1991-NMCA-054, ¶ 13, 113 N.M. 576, 829 P.2d 655 ("Due process requires that the attorney be given notice of the imposition of Rule [1-0]11 sanctions, may require specific notice of the reasons for the imposition of sanctions, and mandates that the accused be given an opportunity to respond."); *cf. In re Byrnes*, 2002-NMCA-102, ¶ 16, 132 N.M. 718, 54

P.3d 996 ("[T]he minimal due process requirements of a prior warning and an opportunity to defend must be strictly maintained.").

{12} In this case, the district court failed to afford Plaintiffs' counsel due process because it did not give Plaintiffs' counsel notice of the bases for the sanctions, permit Plaintiffs' counsel to explain their actions, or to be heard before the imposition of the sanctions. *See Doña Ana Sav. & Loan Ass'n, F.A.*, 1991-NMCA-054, ¶ 13. Even a sanction order requires that the contemnor be given fair notice and an opportunity to be heard, neither of which the district court afforded Plaintiffs' counsel. *See id.*

{13} Consequently, we hold that Plaintiffs' counsel's right to due process was violated, and we reverse the district court's order imposing sanctions and vacate the $10,000 fine against Plaintiffs' counsel.

**CONCLUSION**

{14} For the reasons stated above, we reverse the district court's order imposing sanctions and vacate the $10,000 fine against Plaintiffs' counsel.

{15} **IT IS SO ORDERED.**

**GERALD E. BACA, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**JANE B. YOHALEM, Judge**